[Cite as *JPMCC 2004-CIBC10 7th St. Office, L.L.C. v. URS Tower, L.L.C.*, 2013-Ohio-796.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| JPMCC 2004-CIBC10 7th STREET OFFICE, LLC, | : | APPEAL NO. C-120294 |
| | | TRIAL NO. A-1101287 |
| | : | |
| Plaintiff-Appellee, | | |
| | : | *O P I N I O N.* |
| vs. | | |
| | : | |
| URS TOWER LLC, | : | |
| Defendant-Appellant, | : | |
| and | : | |
| HAMILTON COUNTY TREASURER, | | |
| Defendant. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  March 8, 2013

*Porter, Wright, Morris & Arthur LLP*, *William G. Deas*, *Walter Reynolds*, *Tami Hart Kirby* and *James P. Botti*, for Plaintiff-Appellee,

*Taft Stettinius & Hollister, LLP*, *Earl K. Messer* and *Nicholas J. Pieczonka*, for Defendant- Appellant.

Please note:  this case has been removed from the accelerated calendar.

Per Curiam.

{¶1}    In this foreclosure action, plaintiff-appellee JPMCC 2004-CIBC10 7th Street Office, LLC ("Lender"), moved for the appointment of a receiver to manage property encumbered by an open-end mortgage, assignment of leases and rents, and security agreement (the "Mortgage") that was executed by defendant-appellant URS Tower LLC ("URS Tower").  The trial court appointed a receiver, and URS Tower now appeals, raising two assignments of error.  We affirm.

## Background

{¶2}    According to the amended complaint, in November 2004, URS Tower executed two promissory notes in the principal amounts of $16,500,000 and $1,050,000 (the "Notes"), as well as the Mortgage to secure them.  The Mortgage encumbers property located in downtown Cincinnati, Ohio, commonly known as part of the URS Office Tower (the "Property").  Through a series of allonges and assignments, Lender became the holder of all three instruments.

{¶3}    Lender has alleged default on the Notes and the Mortgage and has declared the entire unpaid balance on the Notes immediately payable.  Lender seeks to foreclose on the Property to pay that sum which, together with interest and fees, exceeds $19,700,000.

{¶4}    Upon bringing this action, Lender moved for the appointment of a receiver under R.C. 2735.01(B) and (F), which provide:

> A receiver may be appointed by the supreme court or a
>
> judge thereof, the court of appeals or a judge thereof in his
>
> district, the court of common pleas or a judge thereof in

his county, or the probate court, in causes pending in such courts respectively, in the following cases:

* * *

(B) In an action by a mortgagee, for the foreclosure of his mortgage and sale of the mortgaged property, when it appears that the mortgaged property is in danger of being lost, removed, or materially injured, or that the condition of the mortgage has not been performed, and the property is probably insufficient to discharge the mortgage debt;

* * *

(F) In all other cases in which receivers have been appointed by the usages of equity.

{¶5} In its motion, Lender primarily relied upon Section 3.1(d) of the Mortgage, in which URS Tower had agreed that:

*If there shall occur an Event of Default under this Mortgage*, then the Property shall be subject to sale and this Mortgage shall be subject to foreclosure, all as provided by law, and *Lender may* * * * *exercise any or all of the following rights, remedies and recourses, either successively or concurrently*:

* * *

(d) <u>Appointment of a Receiver</u>. Upon, or at any time prior to or after, initiating the exercise of any power of sale, instituting any judicial foreclosure or instituting any other foreclosure of the liens and security interests

3

provided for herein or any other legal proceedings hereunder, *make application to a court of competent jurisdiction for appointment of a receiver for all or any part of the Property, as a matter of strict right and without notice to Borrower and without regard to the adequacy of the Property for the repayment of the Obligations* or the solvency of Borrower or any person or persons liable for the payment of the Obligations, and Borrower does hereby irrevocably consent to such appointment, waives any and all notices of and defenses to such appointment and agrees not to oppose any application therefor by Lender * * * . (Emphasis added.)

{¶6} The case was referred to a magistrate who prepared a decision denying the motion. The magistrate held that the "existence of a provision allowing the appointment of a receiver in a foreclosure action, without a showing of proof required under R.C. 2735.01(B), is not sufficient grounds for the appointment of a receiver." The magistrate further determined that the appointment of a receiver under R.C. 2735.01(B) and (F) was unwarranted because the Property was not in danger of being lost, Lender had not established that the value of the Property was probably insufficient to cover the debt, and Lender was not in danger of suffering irreparable harm.

{¶7} Lender objected to the magistrate's decision, arguing that Section 3.1(d) of the Mortgage was sufficient authority to appoint a receiver, and that in the alternative, the prerequisites of R.C. 2735.01(B) and (F) had been satisfied. At an evidentiary hearing before the trial court, asset manager James Perillo testified that URS Tower had defaulted on the Notes and the Mortgage as of May 2010, and

commercial real estate appraiser Eric Gardner estimated that the value of the Property was $9,000,000.

{¶8}    In November 2011, the trial court sustained Lender's objections to the magistrate's decision, observing that "Defendant contractually agreed to the appointment of a receiver in the mortgage documents at issue in this matter," and ordering that "the Magistrate's Decision is not adopted by this court." The court also ordered  that "Plaintiff shall be entitled to the appointment of a receiver over the property at issue in this matter pursuant to a further order of this Court and that the matter is remanded to the Magistrate to make a decision respecting that appointment and the powers to be granted said receiver." In April 2012, the court granted Lender's motion and appointed a receiver. This appeal followed.

## Propriety of Receivership

{¶9}    In its first assignment of error, URS Tower argues that the trial court erred in appointing a receiver. Before we address the merits of this assigned error, however, we turn first to Lender's assertion that URS Tower has waived review of this issue by not appealing from the trial court's November 2011 decision indicating that Lender was "entitled to the appointment of a receiver." Lender maintains that this decision was a final appealable order under R.C. 2505.02(B), and therefore, that URS Tower had only 30 days to appeal under App.R. 4(A) to avoid waiving review of the eventual appointment. *See Hummer v. Hummer*, 8th Dist. No. 96132, 2011-Ohio-3767, ¶ 8; *Hartley v. Hartley*, 9th Dist. No. 03CA0094-M, 2004-Ohio-4956, ¶ 12.

{¶10}    It is widely recognized that an order appointing a receiver is a final order under R.C. 2505.02(B)(2) because it "affects a substantial right made in a special proceeding." *See, e.g.*, *Cunningham v. Ohio Police & Fire Pension Fund*, 175 Ohio App.3d 566, 2008-Ohio-218, 888 N.E.2d 453, ¶ 6 (8th Dist.); *Mandalaywala v.*

5

*Zaleski*, 124 Ohio App.3d 321, 329, 706 N.E.2d 344 (1oth Dist.1997); *Castlebrook, Ltd. v. Dayton Properties Ltd. Partnership*, 78 Ohio App.3d 340, 345, 604 N.E.2d 808 (2d Dist.1992); *see also Forest City Invest. Co. v. Haas*, 110 Ohio St. 188, 143 N.E. 549 (1924), syllabus.  The Ohio Supreme Court has further suggested that such an order is final under R.C. 2505.02(B)(4) because it grants relief in a provisional-remedy proceeding.  *See Community First Bank & Trust v. Dafoe*, 108 Ohio St.3d 472, 2006-Ohio-1503, 844 N.E.2d 825, ¶ 25-26; *Collins v. Collins*, 8th Dist. No. 87986, 2007-Ohio-283, ¶ 7, citing *Dafoe*.

{¶11}  Under either theory of finality, however, we cannot say that the November 2011 decision was a final appealable order.  The decision neither affected a substantial right nor granted relief in a provisional-remedy proceeding because the court simply sustained Lender's objections to the magistrate's decision and declined to adopt that decision; the court did not separately rule on Lender's motion until April 2012 when it actually appointed a receiver.  *See* Civ.R. 53(D)(4)(e) ("A court that adopts, rejects, or modifies a magistrate's decision shall also enter a judgment or interim order."); *see also Javidan-Nejad v. Navadeh*, 8th Dist. No. 97661, 2012-Ohio-3950, ¶ 15 ("But as this court determined in the first appeal, the trial court's judgment was not a final appealable order because the trial court 'simply sustained in part appellant's objections to the magistrate's report[,] [t]here was no independent judgment, no express adoption of any of the magistrate's findings, and no clear pronouncement of the judgment as required by Civ.R. 53(D)(4)(e).' "), quoting *Javidan-Nejad v. Navadeh*, 8th Dist. No. 95406, 2011-Ohio-2283, ¶ 60.  Moreover, the court qualified its decision, noting that Lender was entitled to the appointment of a receiver only "pursuant to further order of this Court."  This demonstrates that the court was contemplating further action before appointing a receiver, which indeed

occurred. *See Elliott v. Rhodes*, 4th Dist. No. 10CA26, 2011-Ohio-339, ¶ 17-18 ("In general, when an order does not contemplate further action and no other related issues remain pending, the order normally constitutes a final appealable order."). Accordingly, URS Tower has not waived review of the appointment of the receiver by not appealing from the November 2011 decision.

{¶12} We, therefore, turn to the merits of this issue. URS Tower argues that the trial court abused its discretion in relying solely on Section 3.1(d) of the Mortgage without considering the equities of this case. URS Tower primarily relies on our previous statements that a "trial court should exercise its power of equitable appointment of a receiver only where the failure to do so would place the petitioning party in danger of suffering an irreparable loss or injury," and that "[b]ecause the appointment of a receiver is such an extraordinary and potentially harsh remedy, the party requesting the receivership must show by clear and convincing evidence that the appointment is necessary for the preservation of the complainant's rights." *Tessler v. Ayer*, 1st Dist. Nos. C-940574, C-940632, C-940780, and C-940849, 1995 Ohio App. LEXIS 4686, *13-14 (Oct. 25, 1995), citing *Hoiles v. Watkins*, 117 Ohio St. 165, 174, 157 N.E. 557 (1927) and *Equity Ctrs. Dev. Co. v. S. Coast Ctrs., Inc.*, 83 Ohio App.3d 643, 649, 615 N.E.2d 662 (8th Dist.1992).

{¶13} Despite this broad language, however, Ohio courts have recognized in other foreclosure actions that the requirements of R.C. 2735.01, including those read into the statute by the judiciary, may be effectively waived. For instance, the Sixth Appellate District affirmed the appointment of a receiver even though the trial court had refused to hear evidence concerning the value of the encumbered property and other "equitable defenses" because the mortgage "allow[ed] the trial court, in the event of default, to appoint a receiver 'upon application of the Mortgagee or at any time

thereafter, * * * without notice to the Mortgagor * * * and without regard to the solvency or insolvency at the time of such application of any Person then liable for the payment of any of the Secured Obligations, [and] without regard to the then value of the Premises * * * .' " *Harajli Mgmt. & Inv., Inc. v. A&M Inv. Strategies, Inc.*, 167 Ohio App.3d 546, 2006-Ohio-3052, 855 N.E.2d 1262, ¶ 57 (6th Dist.). The appeals court held that because an event of default had occurred, the parties had "waived the right to a determination of the value of the property." *Id.*

{¶14} Similarly, the Ninth Appellate District affirmed the appointment of a receiver because the mortgagor had agreed in the mortgage that

> upon the commencement of any action to foreclose this
> mortgage or any other lien upon said premises, whether
> instituted by [the mortgagee] or any other party, or at
> any other time during the pendency of such action, [the
> mortgagee] shall have the immediate right to the
> appointment of a receiver, and the Court may at once,
> and without notice to [the mortgagor] or any other party
> claiming under him, appoint a receiver * * *.

*Metropolitan Sav. Bank v. Papadelis*, 9th Dist. No. 2380-M, 1995 Ohio App. LEXIS 4038, *3, *8 (Sept. 13, 1995). The appellate court recognized that because R.C. 2735.01 is a procedural, as opposed to a substantive, statute, "if the parties to a mortgage contracted to allow the mortgagee to foreclose upon the occasion of the mortgagor's default without regard to the ability of the property to discharge the mortgage debt, then such contractual agreement was enforceable." *Id.* at *8, citing *Cypress Sav. Assn. v. Richfield Assocs.*, 9th Dist. No. 13679, 1989 Ohio App. LEXIS 785 (Mar. 8, 1989). *See also U.S. Bank Natl. Assn. v. Minnillo*, 8th Dist. No. 98593, 2012-Ohio-5188, ¶ 20

(holding that the trial court did not abuse its discretion in appointing a receiver because the borrowers had consented to such appointment upon default under the note); *Huntington Natl. Bank v. Prospect Park, LLC*, 8th Dist. No. 96218, 2011-Ohio-5391, ¶ 13 ("Here, plaintiffs presented evidence that Prospect Park had consented to the appointment of a receiver upon the incidence of default. Under such circumstances, a trial court does not abuse its discretion in appointing a receiver.").

{¶15}   We, too, have recognized that parties may contractually waive the pre-appointment notice requirement that the Ohio Supreme Court recognized in *Ry. Co. v. Jewett*, 37 Ohio St. 649, (1882), paragraph two of the syllabus. *Metropolitan Life Ins. Co. v. Triskett Ill., Inc.*, 97 Ohio App.3d 228, 236, 646 N.E.2d 528 (1st Dist.1994) ("Although courts have imposed a requirement that notice be given prior to the appointment of a receiver pursuant to R.C. 2735.01(B), the pre-appointment notice requirement was not, in this instance, transgressed when such notice may be and was waived by Triskett under the mortgage."), citing *Mfrs. Life Ins. Co. v. Patterson*, 51 Ohio App.3d 99, 554 N.E.2d 134 (8th Dist.1988).

{¶16}   Following these cases, we cannot say that the trial court abused its discretion in appointing a receiver in this instance. Under Section 3.1(d) of the Mortgage, URS Tower agreed that upon an event of default, Lender could "make application to a court of competent jurisdiction for appointment of a receiver for all or any part of the Property, as a matter of strict right and without notice to [URS Tower] and without regard to the adequacy of the Property for the repayment of the Obligations * * * ." Although the court did not expressly find that an event of default had occurred, we presume that the court implicitly did so, given the competent, credible evidence of default presented by Lender. *See, e.g., Carrols Corp. v. Willoughby Planning Comm.*, 11th Dist. No. 2005-L-112, 2006-Ohio-3209, ¶ 40 ("In

9

the absence of evidence to the contrary, a court of appeals will presume that the lower court has applied the correct legal standard."); *State v. Luckeydoo*, 5th Dist. No. 2004CA00105, 2005-Ohio-3823, ¶ 13. For instance, asset manager James Perillo testified before the trial court that URS Tower had defaulted on the Notes and the Mortgage as of May 2010. Moreover, nothing in the record suggests that the trial court felt compelled to appoint a receiver in the absence of default.

{¶17} The first assignment of error is, therefore, overruled.

### Power of Sale Free and Clear of All Liens

{¶18} In its second assignment of error, URS Tower argues that the trial court erred in empowering the receiver to sell the Property free and clear of all liens, thereby violating URS Tower's right of redemption. Lender counters that this issue is not ripe for our review because the court also ordered that the receiver "must file a motion herein setting forth the essential terms of any proposed sales, serve it upon all parties having an interest in the Property, and obtain this Court's approval prior to consummating any such transaction."

{¶19} "In order to be justiciable, a controversy must be ripe for review." *Keller v. Columbus*, 100 Ohio St.3d 192, 2003-Ohio-5599, 797 N.E.2d 964, ¶ 26. "A claim is not ripe for our consideration if it rests on contingent future events that may not occur as anticipated or may never occur at all." *State v. Loving*, 180 Ohio App.3d 424, 2009-Ohio-15, 905 N.E.2d 1234, ¶ 4 (10th Dist.), citing *Texas v. United States*, 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998).

{¶20} The Tenth Appellate District addressed this very issue in *City Natl. Bank v. WBP Invests., LLC*, 10th Dist. No. 10AP-1134, 2011-Ohio-6129. In affirming the trial court's appointment of a receiver, the appellate court declined to review a provision in the appointment order that authorized the receiver "to advertise and list

the Property for sale and at [the lender's] subsequent election and upon the Court's approval, to sell the Property free and clear of all liens." *Id.* at ¶ 15. The court held that, given the contingent nature of that provision, the issue of whether the trial court had erred in granting that authority was not yet ripe for review. The appellate court explained that the borrowers' arguments "effectively turn[ed] on an assertion that the receiver *might* propose a sale of the property, that the trial court *might* approve the proposed sale, and that the conditions of such sale *might* violate [the borrowers'] rights of redemption and the procedures required under the foreclosure statute." (Emphasis sic.) *Id.* at ¶ 16.

{¶21} We adopt this reasoning, and find it applicable in this case. The second assignment of error is, therefore, not ripe for our review at this time. Accordingly, the judgment of the trial court is affirmed.

Judgment affirmed.

**HILDEBRANDT, P.J., DINKELACKER** and **FISCHER, JJ.**

Please note:
The court has recorded its own entry this date.