[Cite as *U.S. Bank, N.A. v. 2900 Presidential Drive, L.L.C.*, 2014-Ohio-1121.]

IN THE COURT OF APPEALS FOR GREENE COUNTY, OHIO

| | | |
|---|---|---|
| U.S. BANK, N.A. | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2013 CA 60 |
| v. | : | T.C. NO.    13CV653 |
| 2900 PRESIDENTIAL DRIVE LLC, et al. | : | (Civil appeal from Common Pleas Court) |
| Defendants-Appellants | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____21st_____ day of _____March_____, 2014.

. . . . . . . . . .

PAUL E. PERRY, Atty. Reg. No. 0023326 and MATTHEW C. STEELE, Atty. Reg. No. 0076754, 511 Walnut Street, 19th Floor, Cincinnati, Ohio 45202
        Attorneys for Plaintiff-Appellee

ROBERT R. KRACHT, Atty. Reg. No. 0025574 and CHRISTINA E. NIRO, Atty. Reg. No. 0086272, 101 West Prospect Avenue, 1800 Midland Bldg., Cleveland, Ohio 44115
        Attorneys for Defendants-Appellants

PATRICIA CAMPBELL, Atty. Reg. No. 0068662, 90 E. Franklin Street, Bellbrook, Ohio 45305
        Attorney for Greene County Treasurer

. . . . . . . . . .

FROELICH, P.J.

**{¶ 1}** 2900 Presidential Drive, LLC, 3000 Presidential Drive, LLC, Mark R. Munsell, and MV Partners Holding, LLC (collectively, "Defendants") appeal from an order of the Greene County Court of Common Pleas, which appointed a receiver in this commercial property foreclosure action. For the following reasons, the trial court's judgment will be affirmed.

I.

**{¶ 2}** The complaint alleges the following underlying facts which, for purposes of this appeal, we will assume to be true:

**{¶ 3}** On March 20, 2003, 2900 Presidential Drive, LLC, and 3000 Presidential Drive, LLC ("the Borrowers"), borrowed $9,500,000 from Prudential Mortgage Capital Co., LLC. The promissory note had a maturity date of April 1, 2013, and it required the Borrowers to make interest payments for the first 24 months and then monthly payments of approximately $61,000 thereafter until the maturity date. The outstanding principal balance, all accrued but unpaid interest, and any additional sums as provided in the note were due on the maturity date. The Borrowers secured the promissory note with an open-ended mortgage and an assignment of leases and rents concerning real and personal property located at 2900 and 3000 Presidential Drive in Fairborn, Ohio. In addition, Munsell, individually, and MV Partners Holding, LLC executed an Indemnity and Guaranty Agreement with Prudential regarding the loan.

**{¶ 4}** The loan documents were assigned by the original lender to Prudential Mortgage Capital Funding, LLC. Prudential Mortgage Capital Funding, LLC assigned the documents to LaSalle Bank, N.A. Bank of America, N.A. is successor-by-merger to

LaSalle Bank. Bank of America, N.A. subsequently assigned the loan documents to U.S. Bank, N.A.

{¶ 5} On April 1, 2013, the Borrowers defaulted on the note by failing to repay the outstanding principal and interest in full. U.S. Bank provided them a notice of default, accelerated the loan, and satisfied all conditions precedent to enforcing the loan documents. As of June 20, 2013, the amount due was $8,202,415.17.

{¶ 6} On August 22, 2013, U.S. Bank filed a foreclosure action against Defendants, seeking judgment on the note, to enforce the guaranty agreement, foreclosure of the property, to collect rents and other income, for an accounting, and for a receiver to be appointed. Contemporaneously with the filing of the complaint, U.S. Bank filed a motion for the appointment of a receiver, including a request for an ex parte order or, in the alternative, for an expedited hearing. U.S. Bank requested that Neyer Commercial Real Estate be appointed as receiver. The trial court scheduled a hearing before a magistrate for August 29, 2013.

{¶ 7} At the August 29 hearing, the parties agreed to a temporary restraining order that restrained the Borrowers from expending any revenue from the properties without U.S. Bank's written consent, and the matter was continued until September 9, 2013. On September 12, 2013, the trial court filed an entry stating that, by agreement of the parties, the temporary restraining order would remain in effect until the court issued a decision on the receivership motion and that the court would determine the issue based on the parties' memoranda.

{¶ 8} On October 23, 2013, the trial court appointed a receiver. The court's

ruling indicated that it had reviewed the motion, the attached affidavit, the complaint, attached exhibits, and any responses. The court stated that the proposed receivership "is a limited receivership over the Mortgaged Property and the Personal Property and not over the Borrower. It is for the purpose of maintaining the uninterrupted operation of and sale of the Project. The receivership is not for the purpose of liquidating Borrower." The court further found that Neyer Commercial Real Estate, a Cincinnati company, was a disinterested third party and an experienced property manager, and that there was good cause to appoint Neyer, even though it was not located in Greene County.

{¶ 9} Defendants appeal from the order appointing a receiver. They raise two assignments of error.

II.

{¶ 10} Defendants' first assignment of error states:

Appellee failed to show by clear and convincing evidence that it was entitled

to the appointment of a receiver or that it would be irreparably harmed if a

receiver were not appointed.

{¶ 11} The authority to appoint a receiver is "an extraordinary, drastic and sometimes harsh power which equity possesses." *Crawford v. Hawes*, 2d Dist. Montgomery No. 23209, 2010-Ohio-952, ¶ 33, quoting *Hoiles v. Watkins*, 117 Ohio St. 165, 174, 157 N.E. 557 (1927). Due to the extreme nature of the remedy, the movant must demonstrate the need for a receiver by clear and convincing evidence. *Id.*, citing *Malloy v. Malloy Color Lab, Inc.*, 63 Ohio App.3d 434, 437, 579 N.E.2d 248 (10th Dist.1989).

{¶ 12} The decision to appoint a receiver is within the trial court's sound

discretion. *Id.*; *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 73, 573 N.E.2d 62 (1991). In exercising that discretion, the trial court generally should consider "all the circumstances and facts of the case, the presence of conditions and grounds justifying the relief, the ends of justice, the rights of all the parties interested in the controversy and subject matter, and the adequacy and effectiveness of other remedies." *Gibbs* at 73, fn.3, quoting 65 American Jurisprudence 2d (1972) 873, 874, Receivers, Sections 19, 20; *Hawes* at ¶ 33. Absent an abuse of discretion, an appellate court will not reverse a decision on whether to appoint a receiver. *Id.* A trial court abuses its discretion when it makes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 13} R.C. 2735.01, which governs the appointment of receivers, provides that a receiver may be appointed by the court of common pleas or a judge thereof in his or her county, in the following cases:

> (B) In an action by a mortgagee, for the foreclosure of his mortgage and sale of the mortgaged property, when it appears that the mortgaged property is in danger of being lost, removed, or materially injured, or *that the condition of the mortgage has not been performed, and the property is probably insufficient to discharge the mortgage debt*;
>
> * * *
>
> (F) In all other cases in which receivers have been appointed by the usages of equity.

(Emphasis added.) R.C. 2735.01(B) provides alternative rationales for appointing a

receiver: either (1) "the mortgaged property is in danger of being lost, removed, or materially injured," or (2) "the condition of the mortgage has not been performed, and the property is probably insufficient to discharge the mortgage debt." *Huntington Natl. Bank v. PRS Invests., L.L.C.*, 6th Dist. Lucas No. L-12-1080, 2013-Ohio-2245, ¶ 6. U.S. Bank argues that Defendants are in default of the mortgage and that they have contractually agreed to the appointment of a receiver "without regard to the adequacy of the Property for the repayment of the Debt."

**{¶ 14}** Defendants claim that the trial court erred in appointing a receiver because U.S. Bank failed to show, by clear and convincing evidence, that it would suffer irreparable injury or harm if a receiver were not appointed. Defendants further argue that the existence of a contractual provision providing for the appointment of a receiver was insufficient, as a matter of law, to support the receiver's appointment.

**{¶ 15}** U.S. Bank supported its motion for a receiver with an affidavit from Angela K. Gonzales, a Senior Asset Manager at Midland Loan Services, a division of PNC Bank; Midland acts as the special servicer for U.S. Bank, N.A. Gonzales stated that, in the performance of her duties, she has access to and knowledge of U.S. Bank's records regarding the Borrowers' loan account. Based on her review of those records, she indicated that the documents attached to U.S. Bank's complaint were authentic copies of the Borrowers' note, mortgage, and other loan documents. Gonzales stated that the Borrowers' loan matured on April 1, 2013, that the maturity date had not been extended, and that they failed to pay the principal and interest in full when due at maturity; as of June 20, 2013, the amount owed was $8,202,415.17. Gonzalez further averred that, except for $96,165.91

remitted on May 31, 2013 and $16,360.45 on August 6, 2013, the Borrowers have failed to turn over any rents to the U.S. Bank or its predecessor-in-interest since April 2013. Finally, Gonzales indicated that the appointment of Neyer Commercial Real Estate LLC as receiver "would effectively preserve and protect the mortgaged property during the pendency of this foreclosure action."

{¶ 16} Defendants opposed U.S. Bank's motion with an affidavit from Anthony Lehman, Director of Operations of Munsell Realty Advisors, Inc. Munsell Realty currently operates and manages the properties located at 2900 and 3000 Presidential Drive in Fairborn, and has managed the properties since March 2005. Lehman indicated that he is personally responsible for the day-to-day management of the properties. Both before and after the initiation of this lawsuit, Munsell Realty has provided regular quarterly reports to the lender/servicer as and when required by the loan documents and has provided additional financial information and more frequent reports to the lender/servicer upon request.

{¶ 17} According to Lehman, the properties "are not in jeopardy of any damage or injury as a result of the actions or inactions of Mark Munsell, 2900 Presidential Drive LLC, 3000 Presidential Drive LLC, or Munsell Realty as Property Manager." He stated that property/casualty insurance for the properties is in effect with all premiums paid to date, real estate taxes are current, and "[a]ll rents derived from the operations of the Properties after maturity of the Note at issue in this lawsuit have been used for ordinary and necessary costs relating to the ownership and operation of the Properties." Any remaining surplus funds have been turned over to the lender/servicer of the note.

{¶ 18} It is undisputed that the Borrowers defaulted on the note and mortgage.

U.S. Bank provided evidence that the Borrowers' note matured on April 1, 2013, and that they defaulted on the note by failing to repay the outstanding principal and interest in full. Defendants did not contest these facts before the trial court. Accordingly, this prong of R.C. 2735.01(B) was satisfied.

{¶ 19} No evidence was presented to the trial court related to the second requirement, i.e., that the property is probably insufficient to discharge the mortgage debt, and Defendants made no statements to the trial court that the properties were "under water." However, they state in their appellate brief, "As a result of the collapse of the credit markets in 2008 and the corresponding devaluation of residential and commercial real estate nationwide, *the Properties were worth less than the balance owing on the Loan*," resulting in the Borrowers' inability to obtain take-out lending to prevent the loan from going into a maturity default. (Emphasis added.)

{¶ 20} In the trial court, U.S. Bank argued that the relative value of the property was irrelevant, because the Borrowers agreed to the appointment of a receiver in the mortgage in the event of default, and thus the Borrowers waived this statutory requirement. U.S. Bank points to Section 3 of the mortgage, which sets forth the lender's remedies in case of default. Specifically, Section 3.1 provides, in relevant part:

> 3.1 <u>Remedies Available</u>. If there shall occur an Event of Default under this Mortgage, then this Mortgage is subject to foreclosure as provided by law and Mortgagee may, at its option and by or through a trustee, nominee, assignee or otherwise, to the fullest extent permitted by law, exercise any or all of the following rights, remedies and recourses, either successively or

concurrently:

* * *

(d) Appointment of Receiver.  Upon, or at any time prior or after, initiating the exercise of any power of sale, instituting any judicial foreclosure or instituting any other foreclosure of the liens and securities interests provided for herein or any other legal proceeding hereunder, make application to a court of competent jurisdiction for appointment of a receiver for all or any part of the Property, as a matter of strict right, with notice to Mortgagor but without regard to the adequacy of the Property for the repayment of the Debt or the solvency of the Mortgagor or any person or persons liable for the repayment of the Debt, and Mortgagor does hereby irrevocably consent to such appointment, waives * * * any and all notices of and defenses to such appointment and agrees not to oppose any application therefor by Mortgagee * * *.

{¶ 21}  Several Ohio appellate opinions support U.S. Bank's position.  In *JPMCC 2004-CIBC10 7th St. Office, L.L.C. v. URS Tower, L.L.C.*, 2013-Ohio-796, 987 N.E.2d 348 (1st Dist.), the First District addressed a mortgage provision virtually identical to the one in this case and concluded that the trial court did not abuse its discretion in appointing a receiver when there was evidence of default and the mortgagor had agreed that, upon default, the lender could "make application to a court of competent jurisdiction for appointment of a receiver for all or any part of the Property, as a matter of strict right and without notice to [URS Tower] and without regard to the adequacy of the Property for the repayment of the

Obligations * * *." *Id.* at ¶ 16. The First District rejected the mortgagor's argument that the trial court should have only appointed the receiver if there was evidence of irreparable loss or injury and the appointment was necessary to preserve the complainant's rights.

{¶ 22} In reaching its conclusion, the First District relied on cases from the Sixth, Eighth, and Ninth Districts. It stated:

> * * * Ohio courts have recognized in other foreclosure actions that the requirements of R.C. 2735.01, including those read into the statute by the judiciary, may be effectively waived. For instance, the Sixth Appellate District affirmed the appointment of a receiver even though the trial court had refused to hear evidence concerning the value of the encumbered property and other "equitable defenses" because the mortgage "allow[ed] the trial court, in the event of default, to appoint a receiver 'upon application of the Mortgagee or at any time thereafter, * * * without notice to the Mortgagor * * * and without regard to the solvency or insolvency at the time of such application of any Person then liable for the payment of any of the Secured Obligations, [and] without regard to the then value of the Premises * * *.' " *Harajli Mgmt. & Inv., Inc. v. A & M Inv. Strategies, Inc.*, 167 Ohio App.3d 546, 2006-Ohio-3052, 855 N.E.2d 1262, ¶ 57 (6th Dist.). The appeals court held that because an event of default had occurred, the parties had "waived the right to a determination of the value of the property." *Id.*
>
> Similarly, the Ninth Appellate District affirmed the appointment of a receiver because the mortgagor had agreed in the mortgage that

upon the commencement of any action to foreclose this mortgage or any other lien upon said premises, whether instituted by [the mortgagee] or any other party, or at any other time during the pendency of such action, [the mortgagee] shall have the immediate right to the appointment of a receiver, and the Court may at once, and without notice to [the mortgagor] or any other party claiming under him, appoint a receiver * * *.

*Metropolitan Sav. Bank v. Papadelis*, 9th Dist. No. 2380-M, 1995 WL 542214, *1, *3 (Sept. 13, 1995). The appellate court recognized that because R.C. 2735.01 is a procedural, as opposed to a substantive, statute, "if the parties to a mortgage contracted to allow the mortgagee to foreclose upon the occasion of the mortgagor's default without regard to the ability of the property to discharge the mortgage debt, then such contractual agreement was enforceable." *Id.* at *3, citing *Cypress Sav. Assn. v. Richfield Assocs.*, 9th Dist. No. 13679, 1989 WL 21260 (Mar. 8, 1989). *See also U.S. Bank Natl. Assn. v. Minnillo*, 8th Dist. No. 98593, 2012-Ohio-5188, 2012 WL 5463139, ¶ 20 (holding that the trial court did not abuse its discretion in appointing a receiver because the borrowers had consented to such appointment upon default under the note); *Huntington Natl. Bank v. Prospect Park, LLC*, 8th Dist. No. 96218, 2011-Ohio-5391, 2011 WL 5004681, ¶ 13 ("Here, plaintiffs presented evidence that Prospect Park had consented to the appointment of a

receiver upon the incidence of default. Under such circumstances, a trial court does not abuse its discretion in appointing a receiver.").

*JPMCC 2004-CIBC10 7th St. Office, L.L.C.* at ¶ 13-14.

**{¶ 23}** The Tenth District has also recognized that a mortgagor can consent to the appointment of receiver, and that "[t]his is consistent with decisions from other appellate courts in Ohio, which have concluded that the requirements of R.C. 2735.01 may be waived by contract." *E.g.*, *City Natl. Bank v. WBP Invests., L.L.C.*, 10th Dist. Franklin No. 2010AP-1134, 2010-Ohio-6129, ¶ 12.

**{¶ 24}** We find the decisions of the First, Sixth, Eighth, Ninth, and Tenth Districts to be persuasive. The Borrowers defaulted on their note and mortgage in April 2013, and they agreed in their mortgage to the appointment of a receiver upon default. In addition, although Defendants dispute any wrongdoing, U.S. Bank provided evidence that Defendants have generally failed to turn over any rents to the U.S. Bank or its predecessor-in-interest since April 2013. Under these circumstances, the trial court did not abuse its discretion in appointing a receiver.

**{¶ 25}** Defendants further argue that the trial court should have appointed a financial manager. They state that "entering into a contract with a financial monitor is more economically sensible than is the receivership currently in place." Defendants proposed the appointment of Anthony Lehman, the current property manager. R.C. 2735.02 (Qualifications of receiver) states that "[no] party, attorney, or person interested in an action shall be appointed receiver therein except by consent of the parties." Although Lehman is not an interested party to the action, it is apparent that he has a prior relationship with

Defendants. Accordingly, we cannot conclude that the trial court abused its discretion in failing to appoint Lehman in lieu of a receiver.

**{¶ 26}** The first assignment of error is overruled.

III.

**{¶ 27}** Defendants' second assignment of error states:

The Order Appointing Receiver contravenes Ohio law by granting the Receiver the power to sell the Properties before the conclusion of the foreclosure proceedings and before recovering a judgment entitling Appellee to foreclose on its mortgage, in derogation of Appellants' right of redemption and Due Process.

**{¶ 28}** Section 5 of the Order Appointing Receiver addresses the sale of receivership property. Section 5.1 provides the receiver general authorization to sell all or any portion of the Receivership Property "on behalf of, and in the name of, Borrower," subject to the following conditions precedent:

(a) The Mortgaged Property has not been sold at a foreclosure sale;

(b) The sale shall be a commercially reasonable sale to a bona fide third party purchaser as determined by the Receiver in its reasonable business judgment;

(c) No sale shall be made to the Receiver, or to any person or entity with a beneficial interest in the Receiver, or to any person or entity in which the Receiver has a beneficial interest;

(d) All real estate taxes shall be current at the time of the sale or shall be

paid current from the sale proceeds; and

(e)     The other terms and conditions of sale shall be appropriate in the reasonable business judgment of the Receiver.

**{¶ 29}** Section 5.3 sets forth the procedures to be followed for any sale of Receivership Property. The procedures include, in part:

(b)     The sale, and contract for sale, shall be subject to approval and confirmation by further order of the court (the "Confirmation Order.").

(c)     The Receiver and/or Plaintiff shall move the court for approval of any contract for sale of Receivership Property. * * *

(d)     The equity of redemption and statutory right to redeem shall be extinguished upon entry of a Confirmation Order and the closing of the sale.

**{¶ 30}** Finally, Section 5.7 provides that "[n]othing in this order shall enlarge or restrict the claims and defenses of Plaintiff, other mortgage lien claimants, mechanic's lien claimants, judgment lien claimants, and other parties with respect to the Receivership Property."

**{¶ 31}** Defendants claim that the Order Appointing Receiver improperly interferes with their equitable and statutory rights of redemption by granting the receiver authority to sell property prior to the decree of foreclosure. When confronted with this argument, the First and Tenth Districts have concluded that the issue is not ripe for appeal. We agree with that conclusion.

{¶ 32} "In order to be justiciable, a controversy must be ripe for review." *Keller v. Columbus*, 100 Ohio St.3d 192, 2003-Ohio-5599, 797 N.E.2d 964, ¶ 26. "A claim is not ripe for our consideration if it rests on contingent future events that may not occur as anticipated or may never occur at all." *State v. Loving*, 180 Ohio App.3d 424, 2009-Ohio-15, 905 N.E.2d 1234, ¶ 4 (10th Dist.), citing *Texas v. United States*, 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998).

{¶ 33} In *City Natl. Bank*, 10th Dist. Franklin No. 2010AP-1134, 2010-Ohio-6129, the order appointing a receiver permitted the receiver to "to advertise and list the Property for sale and at City National's subsequent election and upon the Court's approval, to sell the Property free and clear of all liens." The mortgagors argued (1) that this provision violated their right of redemption and right to due process by allowing the receiver to sell the property before the conclusion of the foreclosure proceedings and (2) that the order violated Ohio law by permitting the receiver to sell the property without following the safeguards contained in the foreclosure statute. The Tenth District found that the arguments were not ripe, stating:

> Appellants argue that the Amended Order allows the receiver to sell the property in derogation of its rights of redemption and without following the safeguards of the foreclosure statute. However, appellants do not claim that the receiver has identified a potential buyer or applied to the trial court for approval to sell the property. Appellants' claims effectively turn on an assertion that the receiver might propose a sale of the property, that the trial court might approve the proposed sale, and that the conditions of such sale

might violate appellants' rights of redemption and the procedures required under the foreclosure statute. Accordingly, because any sale would be contingent upon the trial court's approval and the conditions under which the trial court would approve a sale are not established, we find that appellants' second and third assignments of error are not ripe for review.

*Id.* at ¶ 16. *See also JPMCC 2004-CIBC10 7th St. Office, L.L.C.*, 2013-Ohio-796, 987 N.E.2d 348, 353 -354, ¶ 18-21 (1st Dist.).

**{¶ 34}** The same deficiencies exist in this case. The trial court's order grants the receiver the general authority to sell receivership property. However, under the terms of the order, the sale and contract for sale are subject to approval and confirmation by further order of the court. At this juncture, no sale or contract for sale has been brought before the trial court, and it is speculative whether any proposed sale will occur. We cannot determine, at this time, whether Defendants' rights might be violated. Accordingly, we conclude that Defendants' arguments are not yet ripe for review.

**{¶ 35}** Defendants' second assignment of error is overruled.

## IV. Conclusion

**{¶ 36}** The trial court's judgment will be affirmed.

. . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Paul E. Perry
Matthew C. Steele
Robert R. Kracht
Christina E. Niro

Patricia Campbell
Hon. Stephen A. Wolaver