[Cite as *U.S. Bank, N.A. v. Courthouse Crossing Acquisitions, L.L.C.*, 2017-Ohio-9232.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| U.S. BANK, N.A. | : | |
| Plaintiff-Appellee | : | |
| | : | Appellate Case No. 27331 |
| v. | : | |
| | : | Trial Court Case No. 16-CV-5346 |
| COURTHOUSE CROSSING, | : | |
| ACQUISITIONS, LLC, et al. | : | (Civil Appeal from |
| Defendants-Appellants | : | Common Pleas Court) |
| | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of December, 2017.

. . . . . . . . . . .

JAMES P. BOTTI, Atty. Reg. No. 0023051 and JARED M. KLAUS, Atty. Reg. No. 0087780,  41 S. High Street, Suite 3100, Columbus, Ohio 43215

TAMI H. KIRBY, Atty. Reg. No. 0078473, 1 S. Main Street, Suite 1600, Dayton, Ohio 45402
        Attorneys for Plaintiff-Appellee

CHARLES PAWLUKIEWICZ, Atty. Reg. No. 11499, ROBERT KRACHT, Atty. Reg. 25574, and NICHOLAS OLESKI, Atty. Reg. No. 0095808, 101 W. Prospect Avenue, Suite 1800, Cleveland, OH 44115
        Attorneys for Defendants-Appellants

. . . . . . . . . . . . .

HALL, P.J.

{¶ 1} Courthouse Crossing Acquisitions, LLC and Schon C.C. Holding, LLC appeal from an order of the trial court appointing a receiver in this multi-tenant commercial property foreclosure action. Finding no error, we affirm.

## I. Background

{¶ 2} In 2006, Courthouse and Schon (which we will refer to collectively as Courthouse, unless otherwise noted) borrowed $12.7 million from Deutsche Bank Mortgage Capital, LLC. The promissory note matured on March 1, 2016, at which time it became due and payable in full. Securing the promissory note is an open-ended mortgage and an assignment of leases and rents on the office and retail building at 10 North Ludlow Street in downtown Dayton. After a string of assignments, U.S. Bank came to own and hold the note, mortgage, and assignment of leases and rents.

{¶ 3} The maturation date came, and Courthouse failed to pay the roughly $11 million due on the promissory note. In October 2016, U.S. Bank filed a foreclosure action against Courthouse, seeking foreclosure of the mortgage and to collect rents and other income. At the same time, U.S. Bank moved for the appointment of a receiver, supporting its motion with an affidavit from a manager at the loan's special servicer. A hearing on the matter of a receiver was scheduled for November 4.

{¶ 4} The day before the hearing, Courthouse filed a motion to dismiss under Civ.R. 12(B)(1), (4), and (5). Courthouse argued that U.S. Bank was not the holder of the note and mortgage when it filed the complaint, so it lacks standing to bring this action. Courthouse also argued that U.S. Bank did not have the capacity to sue in Ohio because it failed to register as a business trust with the Ohio Secretary of State. Courthouse also

argued that U.S. Bank had failed to serve Schon and quibbled with the method that it used to serve Courthouse. Lastly, Courthouse argued generally that service had not been perfected on Courthouse or Schon.

{¶ 5} The hearing was held on the scheduled date. Although neither Courthouse nor Schon had been formally served with process, both parties were represented at the hearing by counsel. Only arguments were presented at the hearing—no additional evidence. The trial court sustained U.S. Bank's motion for the appointment of a receiver and appointed the receiver requested by the bank.

{¶ 6} On November 8, 2016, Courthouse appealed from the order appointing the receiver.

{¶ 7} On January 9, 2017, the trial court overruled Courthouse's motion to dismiss.

## II. Analysis

{¶ 8} Courthouse assigns four errors to the trial court:

I. The Trial Court Erred as a Matter of Law and Abused Its Discretion By Appointing a Receiver Before the Court Obtained Jurisdiction Over Appellants.

II. The Trial Court Erred as a Matter of Law When It Found That Appellee Has an Interest in the Subject Note and Mortgage.

III. The Trial Court Erred as a Matter of Law in Finding that Appellee Has Capacity to Sue in an Ohio [Court] as It Failed to Register with the Ohio Secretary of State.

IV. The Trial Court Erred as a Matter of Law and Abused Its Discretion When It Appointed a Receiver Without Clear and Convincing

Evidence of the Need for One.

## A. *Dispositive defenses*

**{¶ 9}** The issues raised in the first three assignments of error do not concern the receivership proceeding, but rather the main foreclosure action. The first assignment of error argues that the trial court lacked personal jurisdiction over Courthouse and Schon because neither had yet been served with process when the court appointed the receiver. The second assignment of error argues that U.S. Bank lacks standing. And the third assignment of error argues that even if U.S. Bank has standing, it lacks the capacity to sue in Ohio because it is a business trust governed by R.C. Chapter 1746 and failed to comply with that chapter's registration requirements. These are dispositive defenses to the main action. Because these issues do not concern the receivership proceeding, they are not properly before us.

**{¶ 10}** The appointment of a receiver is an ancillary proceeding. *Community First Bank & Trust v. Dafoe*, 108 Ohio St.3d 472, 2006-Ohio-1503, 844 N.E.2d 825, ¶ 26. It is a "separate procedure[] tied to a main action, acting in furtherance of the main action, but with [its] own li[fe]." *Id. See also State v. Muncie*, 91 Ohio St.3d 440, 449, 746 N.E.2d 1092 (2001) (saying that the appointment of a receiver "aids the principal proceeding—the underlying litigation—for the receiver conserves the interests of litigants with respect to property that is in the custody of the court during the course of that principal litigation"). Indeed, the order that Courthouse appeals here only appoints a receiver and authorizes the receiver to take certain actions. The issues raised in the first three assignments of error—jurisdiction, service, standing, capacity to sue—do not directly concern either the receiver's appointment or the scope of his powers. Rather, as we said, the issues concern

dispositive defenses to the main foreclosure action.

{¶ 11} But dispositive defenses to the main action are not properly asserted in a receivership proceeding, or any other ancillary proceeding. The proper place for these types of defenses is in a motion to dismiss, which is where Courthouse in fact raised them. But the denial of a motion to dismiss is not immediately appealable. *Polikoff v. Adam*, 67 Ohio St.3d 100, 103, 616 N.E.2d 213 (1993). If we were to review these dispositive defenses in this appeal of an order in an ancillary proceeding, we would be creating a shortcut to appellate review of issues that would otherwise have to wait for review until after a final judgment is entered.

{¶ 12} We see no good reason to create such a shortcut. "A denial of a motion to dismiss is not a final appealable order because the party can seek a remedy on appeal after a final judgment is entered." *Cantie v. Hillside Plaza*, 8th Dist. Cuyahoga No. 99850, 2014-Ohio-822, ¶ 24. *See also Haskins v. Haskins*, 104 Ohio App.3d 58, 61, 660 N.E.2d 1260 (2d Dist.1995) (saying that "[g]enerally, an order denying a motion to dismiss is not a final order because the reasons for which the dismissal was sought continue undisturbed to the final judgment, permitting prosecution of the error, if any, on the final judgment"), citing *Polikoff*. Concerning jurisdiction, the Ohio Supreme Court has said that "[p]arties that believe an Ohio court has wrongly asserted jurisdiction over them have a right of appeal." *Natl. City Commercial Capital Corp. v. AAAA At Your Serv., Inc.,* 114 Ohio St.3d 82, 2007-Ohio-2942, 868 N.E.2d 663, ¶ 10, citing *State ex rel. Pearson v. Moore*, 48 Ohio St.3d 37, 38, 548 N.E.2d 945 (1990) ("Absent a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction

has an adequate remedy at law via appeal from the court's holding that it has jurisdiction."). We have precluded the immediate appeal of a motion challenging a trial court's jurisdiction, because "the issue sought to be raised on appeal can, as a practical matter, await determination until an appeal following the final disposition of the case in the trial court." *Lonigro v. Lonigro*, 55 Ohio App.3d 30, 31, 561 N.E.2d 573 (2d Dist.1989). The Eighth District has done the same, concluding that "[t]he rule that the denial of a motion to dismiss is not a final order applies with equal force to motions that challenge the subject matter jurisdiction of a court." *Matteo v. Principe*, 8th Dist. Cuyahoga No. 92894, 2010-Ohio-1204, ¶ 21, citing *id.*

{¶ 13} Here, Courthouse raised the issues of standing, jurisdiction, service, and capacity in their motion to dismiss—which the trial court has now overruled. These issues can be resolved in other appeals between these parties, to the extent raised therein.

{¶ 14} The first, second, and third assignments of error are overruled.

B. *The appointment of a receiver*

{¶ 15} The fourth assignment of error challenges the appointment of a receiver. "The decision to appoint a receiver is within the trial court's sound discretion. * * * Absent an abuse of discretion, an appellate court will not reverse a decision on whether to appoint a receiver." *U.S. Bank, N.A. v. 2900 Presidential Drive LLC*, 2d Dist. Greene No. 2013 CA 60, 2014-Ohio-1121, ¶ 12.

{¶ 16} The trial court's discretion, though, is limited by the applicable statute. R.C. 2735.01 governs the appointment of receivers and relevantly provides that a receiver may be appointed in these cases:

(2) In an action by a mortgagee, for the foreclosure of the mortgagee's

mortgage and sale of the mortgaged property, when it appears that the mortgaged property is in danger of being lost, removed, materially injured, diminished in value, or squandered, or that the condition of the mortgage has not been performed, and either of the following applies:

* * *

(b) The mortgagor has consented in writing to the appointment of a receiver.

(3) To enforce a contractual assignment of rents and leases;

R.C. 2735.01(A). And "the movant must demonstrate the need for a receiver by clear and convincing evidence." (Citation omitted.) *U.S. Bank* at ¶ 11.

{¶ 17} U.S. Bank argues that it is entitled to the appointment of a receiver because Courthouse is in default of the mortgage and, in the mortgage, they contend, Courthouse consented to the appointment of a receiver. U.S. Bank also argues that a receiver should be appointed because Courthouse has collected, but failed to turn over, rents and profits and has failed to pay real estate taxes and assessments.

{¶ 18} U.S. Bank supports its motion for a receiver with an affidavit from Dmitry Sulsky, an Asset Manager of LNR Partners, LLC, which is the special servicer of the loan and the attorney-in-fact for U.S. Bank. Sulsky states that his responsibilities include oversight of loan servicing and that he has personal knowledge of the books and records of LNR Partners and U.S. Bank as to the loan at issue here. Sulsky states that U.S. Bank is the owner and holder of the promissory note, mortgage, and assignment of rents executed by Courthouse. By its terms, the note matured on March 1, 2016, and required full payment at that time. Courthouse defaulted by failing to pay. Sulsky says that they

also defaulted by failing to pay real estate taxes and assessments, requiring U.S. Bank (or its predecessor in interest) to pay them. Courthouse also defaulted, says Sulsky, by collecting but not turning over rents and profits. Sulsky states that "[a] receiver is necessary to preserve and protect the Project [the real estate and associated personal property] during the pendency of this case, and particularly, to collect the Rents from the Project so that they are not dissipated during the pendency of the case." As of July 1, 2016, says the affidavit, Courthouse owes a little over $11.6 million in all. Sulsky also authenticates the copies of the promissory note, mortgage, and assignment of rents attached to the complaint.

{¶ 19} Courthouse dismisses the affidavit, saying that it "largely regurgitates the same wording and phrasing from Appellee's Complaint." Such an affidavit, they argue, is insufficient to establish the need for a receiver. We disagree.

{¶ 20} The evidence is sufficient to justify the appointment of a receiver under R.C. 2735.01(A)(2). Sulsky's affidavit establishes that the mortgaged property "is in danger of being lost, removed, materially injured, diminished in value, or squandered," R.C. 2735.01(A)(2), and that Courthouse defaulted on the mortgage. R.C. 2735.01(A)(2)(b) provides that a receiver is appropriate when "[t]he mortgagor has consented in writing to the appointment of a receiver." Section 13.1(d) of the mortgage provides that in the event of default the mortgagee may "[a]pply to a court for appointment of a receiver, trustee, liquidator or conservator of the Mortgaged Property without notice to Mortgagor." Courthouse argues that all they agreed to here was ex parte *application* for the appointment of a receiver, not *appointment*. But we are of the opinion that this is a distinction without a difference. By agreeing to ex parte application, Courthouse

effectively consented to the appointment of a receiver. The evidence is also sufficient to justify the appointment of a receiver under R.C. 2735.01(A)(3), "[t]o enforce a contractual assignment of rents and leases." Sulsky's affidavit establishes that Courthouse collected rents but failed to turn them over.

{¶ 21} In these circumstances, we believe that the appointment of a receiver is reasonable, and we have held so before. In *U.S. Bank, N.A. v. 2900 Presidential Drive LLC*, 2014-Ohio-1121, the bank in the foreclosure action supported its motion for a receiver with an affidavit from the loan's special servicer. The affidavit stated that the borrowers had defaulted on their note and mortgage by failing to pay and had defaulted by failing to turn over rents. The affidavit authenticated the loan documents attached to the complaint. In the mortgage, the borrowers agreed to the appointment of a receiver upon default. We held that the trial court did not abuse its discretion by appointing a receiver. We note too that the Eighth District has held that a trial court properly appointed a receiver over mortgaged property where the defaulting borrower had only failed to pay real-estate taxes. *Bankers Natl. Life Ins. Co. v. 514 Prospect Ave. Co.*, 8th Dist. Cuyahoga No. 41220, 1980 WL 354922 (Jun. 26, 1980).

{¶ 22} Courthouse also argues that the trial court erred by relying on a local rule rather than the receivership statute, R.C. 2735.01. In its oral ruling at the hearing, the trial court cited Mont. Co. C.P.R. 2.29(B), which governs the appointment of receivers in a real-estate foreclosure in Montgomery County common pleas courts. But in its written appointment order, the court cites R.C. 2735.01, though it does not identify the section under which it made the appointment. Citing the local rule or not identifying a particular statutory section does not render the appointment an abuse of discretion. Because we

have found that U.S. Bank presented sufficient evidence justifying a receiver's appointment, there is no reason to disturb the trial court's appointment. *Compare Whitaker v. Paru Selvam, L.L.C.*, 2d Dist. Montgomery No. 26555, 2015-Ohio-3166, ¶ 33 (affirming the appointment of a receiver based on the evidence even though the trial court did not cite a subsection of the receivership statute); *State ex rel. Petro v. Gold*, 166 Ohio App.3d 371, 2006-Ohio-943, 850 N.E.2d 1218 (10th Dist.) (affirming the appointment of a receiver based on the evidence, where the trial court found that the receivership statute supported the appointment of a receiver but did not identify an applicable subsection).

{¶ 23} The fourth assignment of error is overruled.

### III. Conclusion

{¶ 24} We have overruled each of the assignments of error presented. The trial court's order appointing a receiver is therefore affirmed.

. . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies mailed to:

James Botti
Jared M. Klaus
Tami Kirby
Charles Pawlukiewicz
Robert Kracht
Nicholas Oleski
Michele Phipps
Hon. Timothy N. O'Connell