[Cite as *RSS WFCM2019-C50 - OH WG2, L.L.C. v. Welcome Group 2, L.L.C.*, 2024-Ohio-1613.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| RSS WFCM2019-C50 - OH WG2, LLC,<br>by and through its special servicer<br>Rialto Capital Advisors, LLC | : | C.A. No. 29869 |
| | : | |
| Appellee | : | Trial Court Case No. 2021 CV 05237 |
| | : | |
| v. | : | (Civil Appeal from Common Pleas<br>Court) |
| | : | |
| WELCOME GROUP 2 LLC, et al. | : | |
| | : | |
| Appellants | | |

. . . . . . . . . . .

O P I N I O N

Rendered on April 26, 2024

. . . . . . . . . . .

TROY J. DOUCET and SOPHIA PADRO, Attorneys for Appellants

TAMI HART KIRBY and TERRY W. POSEY, JR., Attorneys for Appellees

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Welcome Group 2, L.L.C. (hereinafter "Borrower"), appeals from a judgment of the Montgomery County Court of Common Pleas which appointed a receiver over five hotel properties that are owned by Borrower and are subject to the instant foreclosure action. For the reasons set forth below, we affirm.

## I.  Facts and Procedural Background

{¶ 2} Borrower is the owner of five hotel properties located in Dayton, Columbus, Zanesville, and Sidney.  Plaintiff-appellee RSS WFCM2019-C50 – OH WG2, L.L.C. (hereinafter "Lender") is the noteholder, by assignment, of a multi-million-dollar loan provided to Borrower.  Through a mortgage on the real property associated with each hotel, the five hotels serve as security for the loan.  In December 2021, Lender filed a foreclosure action against the five properties.  Lender also filed a motion for the appointment of a receiver over the properties.  The parties participated in mediation, after which they entered into an agreed order appointing Thomas Moore as a limited receiver for the purpose of overseeing mold remediation at the Sidney hotel.

{¶ 3} Lender thereafter filed a renewed motion for appointment of a receiver.  The trial court conducted an evidentiary hearing on October 17, 2022.  During the hearing, the court received testimony from Michael Strickland, a Senior Vice President for Rialto Capital Advisors.  According to Strickland, Rialto was acting as the servicer for the loan held by Lender.  He testified that, in 2020, he was assigned the task of bringing the loan into compliance; at the time of the hearing, he was overseeing the foreclosure action.

{¶ 4} Thomas Moore also testified at the hearing.  Moore was employed by Janus Hotels and Resorts, a company that owns and manages hotels.  Moore was appointed as the limited receiver for the Sidney hotel, which has 94 rooms.  Moore conducted a random inspection of ten of the rooms and found that all ten showed significant mold damage.  He also testified that the indoor pool was not operable during his time as

receiver.   Moore testified regarding a potential operating plan for the properties.  However, he admitted his testimony was generalized in nature because Borrower had failed to provide him with requested information concerning the properties.

{¶ 5} The hearing was continued due to the unavailability of the Borrower's principal, Abhijit Vasani, to appear and provide testimony.   On November 10, 2022, the trial court appointed a limited receiver over all the properties.   The court also ordered Borrowers to provide Moore with the information he had requested.   Borrower filed an appeal of the limited receiver order, but we dismissed the appeal for lack of a final appealable order.

{¶ 6} The second evidentiary hearing took place on July 31, 2023.   At that hearing, Vasani provided testimony regarding the effort to remediate the mold problems at the Sidney hotel.   He testified that approximately $2 million had been spent on the remediation and on improvements to three of the other properties.   Vasani confirmed no mortgage payments had been made in the period between the hearings.

{¶ 7} Borrower also presented the testimony of David Sangree, a "hospitality consultant" since 1987 who had owned a firm known as Hotel Leisure Advisors since 2005.   According to Sangree, it was in the best interest of the parties to permit Borrower to manage the properties.   Sangree admitted, however, that he had not been aware that Borrower was in default and, as such, his conclusion had not considered the loan's default status.

{¶ 8} After the second hearing, the trial court granted the renewed motion for the

appointment of a receiver over the five properties.    Borrower appeals.[1]

## II.    Receivership

**{¶ 9}** Borrower presents the following as its sole assignment of error:

THE TRIAL COURT ABUSED ITS DISCRETION BY APPOINTING A RECEIVER WITHOUT CLEAR AND CONVINCING EVIDENCE THAT SUCH A REMEDY WAS NECESSARY TO PROTECT THE LENDER'S INTEREST.

**{¶ 10}** Borrower claims the evidence did not support the trial court's decision to appoint a receiver.

**{¶ 11}** "The authority to appoint a receiver is 'an extraordinary, drastic and sometimes harsh power which equity possesses.' "    *U.S. Bank, N.A. v. 2900 Presidential Drive, L.L.C.*, 2d Dist. Greene No. 2013-CA-60, 2014-Ohio-1121, ¶ 11, citing *Crawford v. Hawes*, 2d Dist. Montgomery No. 23209, 2010-Ohio-952, ¶ 33, quoting *Hoiles v. Watkins*, 117 Ohio St. 165, 174, 157 N.E. 557 (1927).    Thus, a party requesting a receiver "must demonstrate the need for a receiver by clear and convincing evidence." (Citation omitted.) *Id.* at ¶ 11.    "The Ohio Supreme Court has defined 'clear and convincing evidence' as 'the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as required beyond a

---

[1] Borrower filed a petition for bankruptcy regarding three of the properties.    On October 25, 2023, this court entered an order permitting this appeal to proceed only as to the properties not subject to bankruptcy.

reasonable doubt as in criminal cases. It does not mean clear and unequivocal.' "

*Holzapfel v. State*, 2d Dist. Darke No. 2017-CA-13, 2018-Ohio-2750, ¶ 12, quoting *In re Estate of Haynes*, 25 Ohio St.3d 101, 104, 495 N.E.2d 23 (1986).

{¶ 12} "The decision to appoint a receiver is within the trial court's sound discretion. * * * Absent an abuse of discretion, an appellate court will not reverse a decision on whether to appoint a receiver." *2900 Presidential Drive* at ¶ 12.   However, the trial court's discretion is limited by R.C. 2735.01, which governs the appointment of receivers.   That statute provides, in pertinent part, as follows:

(A) A receiver may be appointed * * * in the following cases:

* * *

(2) In an action by a mortgagee, for the foreclosure of the mortgagee's mortgage and sale of the mortgaged property, when it appears that the mortgaged property is in danger of being lost, removed, materially injured, diminished in value, or squandered, or that the condition of the mortgage has not been performed, and either of the following applies:

* * *

(b) The mortgagor has consented in writing to the appointment of a receiver.

{¶ 13} Because the mortgages are in default,[2] the central condition of each mortgage has not been performed; thus, R.C. 2735.01(A)(2) was satisfied.   Turning to the R.C. 2735.01(A)(2)(b) consent analysis, Section 7.1(g) of each mortgage states:

---

[2] Borrower asserts that it is not in default based upon Lender's failure to release escrowed remediation funds in the approximate amount of $1.8 million. But the trial court found that Borrower was "advised in November 2021 what needed to be done to receive that money, and it was never done."   This factual conclusion is supported by the record.

Upon the occurrence and during the continuance of any Event of Default, Borrower agrees that Lender may take such action, without notice or demand, as it deems advisable to protect and enforce its rights against Borrower and in and to the property including, but not limited to, the following actions, each of which may be pursued concurrently or otherwise, at such time and in such order as Lender may determine, in its sole discretion, without impairing or otherwise affecting the other rights and remedies of Lender:

* * *

apply for the appointment of a receiver * * * without notice and without regard for the adequacy of the security for the Debt and without regard for the solvency of the Borrower * * *.

{¶ 14} Borrower consented to the appointment of a receiver by agreeing that, upon default, Lender could apply for the appointment of a receiver without notice and, more importantly, without consideration of the adequacy of the debt's security or the Borrower's solvency. *2900 Presidential Drive* at ¶ 24; *U.S. Bank N.A. v. Courthouse Crossing Acquisitions, LLC*, 2017-Ohio-9232, 103 N.E.3d 300, ¶ 20 (2d Dist.) (by agreeing to ex parte application, the borrower effectively consented to the appointment of a receiver.) Based upon Borrower's default and its consent to the appointment of a receiver, the trial court did not abuse its discretion by appointing a receiver.

{¶ 15} From our perspective, this ends the discussion. But the trial court, concluding otherwise, conducted a full receivership analysis. When conducting such an

analysis, the trial court, in the exercise of its discretion, "generally should consider 'all the circumstances and facts of the case, the presence of conditions and grounds justifying relief, the ends of justice, the rights of all the parties interested in the controversy and subject matter, and the adequacy and effectiveness of other remedies.' " *Whitaker v. Paru Selvam, LLC*, 2d Dist. Montgomery No. 26555, 2015-Ohio-3166, ¶ 28, quoting *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 73, 573 N.E.2d 62 (1991), fn. 3, quoting 65 American Jurisprudence 2d, Receivers, Sections 19, 20 at 873, 874 (1974).

{¶ 16} Following the two-day hearing, the trial court noted in its August 2, 2023 decision and order that, in addition to establishing that the loan was in default, Lender presented evidence that Borrower had obtained additional loans secured by the properties without notice to or approval from Lender, that Borrower had failed to maintain and fund cash management accounts, that the properties had a significant number of unusable rooms, and that Borrower had no plan to cure the default. These assertions were all supported by the record. Based upon its factual findings, the trial court concluded that Lender had "presented sufficient evidence to demonstrate that a receiver is necessary to preserve its interest in [the] properties and [that] the ends the justice so requires [sic]."

{¶ 17} The trial court's analysis resulting in the appointment of a receiver is consistent with the approach contemplated by. *Gibbs* and *Whitaker*. As such, even if a full receivership analysis had been required, the conclusion that the trial court did not abuse its discretion would be the same.

{¶ 18} Because Lender established the right to the appointment of a receiver under

R.C. 2735.01(A)(2)(b), Borrower's sole assignment of error is overruled.

### III.     Conclusion

**{¶ 19}** Based upon the foregoing, the trial court's judgment is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J. and HUFFMAN, J., concur.