**The STATE of Ohio, Appellee,**

v.

**LOVING, Appellant.**

[Cite as *State v. Loving*, 180 Ohio App.3d 424, 2009-Ohio-15.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

Nos. 08AP–278, 08AP–279, 08AP–280 and 08AP–281

Decided Jan. 6, 2009.

Ron O'Brien, Franklin County Prosecuting Attorney, and Seth L. Gilbert, Assistant Prosecuting Attorney, for appellee.

Yeura R. Venters, Franklin County Public Defender, and John W. Keeling, Assistant Public Defender, for appellant.

FRENCH, Presiding Judge.

{¶ 1} On March 6, 2008, defendant-appellant, Bryant Loving, resolved six separate indictments with guilty pleas and a jointly recommended sentence of five and one-half years of incarceration. His guilt and his term of incarceration are not in dispute on appeal. The only issue before us is the imposition of fines totaling $22,500.

{¶ 2} In these appeals, appellant raises three assignments of error:

ASSIGNMENT OF ERROR NUMBER ONE

The Ohio statutory scheme that allows for an offender to be imprisoned for the non-payment of his fine, without any judicial determination regarding his present ability to pay, violates the Equal Protection and Due Process provisions of the United States Constitution.

ASSIGNMENT OF ERROR NUMBER TWO

The trial court erred when it imposed mandatory fines upon the defendant when the defendant had filed affidavits indicating that he was indigent and unable to pay the mandatory fines and the record did not support the court's finding, set forth later in the judgment entry, that the defendant would be able to pay the fine when released from prison. The trial court further erred when it failed to make the finding that the defendant would be able to pay at a future time at the defendant's sentencing hearing when the defendant was present. These errors resulted in the violation of the constitutional rights to substantive and procedural due process of law.

ASSIGNMENT OF ERROR NUMBER THREE

The trial court erred when it ordered the defendant to satisfy a judgment for a fine of $22,500 within three years without due regard to the restrictions imposed by R.C. 2329.66 and 15 U.S.C. 1673.

{¶ 3} In his first assignment of error, appellant argues that Ohio's statutory scheme for imposing mandatory fines is unconstitutional. As appellant argues, the financial sanctions become conditions of his postrelease control. See, e.g., R.C. 2967.28(D)(1) (stating that postrelease control sanctions may include any "financial sanction that the sentencing court was authorized to impose"). Appellant argues that because he will be unable to pay the fines when he is released, he will be subject to further incarceration. In his third assignment of error, appellant similarly argues that R.C. 2329.66, which exempts certain property from the civil collection process, precluded the court from imposing the fines because he may have to use all of his income and assets to pay the fines. We conclude, however, that these issues are not ripe for our review.

{¶ 4} "In order to be justiciable, a controversy must be ripe for review." *Keller v. Columbus*, 100 Ohio St.3d 192, 2003-Ohio-5599, 797 N.E.2d 964, ¶ 26. A claim is not ripe for our consideration if it rests on contingent future events that may not occur as anticipated or may never occur at all. *Texas v. United States* (1998), 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406.

{¶ 5} Here, appellant's argument that he will be incarcerated for failure to pay the fines, or that payment may require all of his income and assets, is merely speculative. The trial court stayed the fines until after he completes his sentence. Nothing in the record before us indicates that he will receive any additional incarceration if he does not or cannot pay the fines. Nor does this record indicate that appellant will be forced to use all of his income and assets to pay the fines. Therefore, we overrule appellant's first and third assignments of error.

{¶ 6} In his second assignment of error, appellant argues that the trial court erred when it imposed the fines on appellant. We disagree.

{¶ 7} R.C. 2929.18(B)(1) provides that for certain felony violations, "the sentencing court shall impose upon the offender a mandatory fine" of a specified amount. That section also provides that "[i]f an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender." Id.

{¶ 8} According to the Supreme Court of Ohio, the statutes providing for mandatory fines "clearly require imposition of a mandatory fine unless (1) the

offender's affidavit is filed prior to sentencing, and (2) the trial court finds that the offender is an indigent person and is unable to pay the mandatory fines." *State v. Gipson* (1998), 80 Ohio St.3d 626, 634, 687 N.E.2d 750. The trial court need not, however, make an "affirmative finding that an offender is *able to pay* a mandatory fine." (Emphasis sic.) Id. at 635, 687 N.E.2d 750. Instead, "the burden is upon the offender to affirmatively demonstrate that he or she is indigent and is *unable to pay* the mandatory fine." (Emphasis sic.) Id. The question before this court, then, is "whether the trial court committed an error of law and/or abused its discretion in finding that although [appellant] was indigent at the time of the sentencing hearing, he was not 'unable to pay' the mandatory fine" following his release. Id.

{¶ 9} R.C. 2929.19(B)(6) provides that before imposing a financial sanction, "the court shall consider the offender's present and future ability to pay the amount of the sanction or fine." This court has concluded that when determining a defendant's present and future ability to pay, there are no express factors a trial court must consider or findings a court must make. *State v. Conway*, Franklin App. No. 03AP–1120, 2004-Ohio-5067, 2004 WL 2803418, ¶ 7, citing *State v. Finkes* (Mar. 28, 2002), Franklin App. No. 01AP–310, 2002 WL 464998. The trial court need not hold a hearing to determine whether the defendant is unable to pay. Rather, "there merely must be some evidence in the record the trial court considered defendant's present and future ability to pay." *Conway* at ¶ 7, citing *State v. Fuller*, Lucas App. No. L–02–1387, 2004-Ohio-2675, 2004 WL 1171056, ¶ 8. We conclude that the record before us contains some evidence that the trial court considered appellant's present and future ability to pay the mandatory fines.

{¶ 10} At the sentencing hearing, the court questioned appellant at length before accepting his guilty pleas. Important for our purposes here, the court asked appellant how old he was at sentencing (27), how far he had gone in school (the 11th grade), whether he had a GED (no), whether he had any difficulty reading, writing or understanding English (no), and whether he had any health problems that would affect his decision making (no).

{¶ 11} The court gave both the defense and the state the opportunity to present arguments concerning appellant's ability to pay. Defense counsel argued that appellant "has been unemployed. He doesn't have any assets or money." Whatever money appellant had made through his illegal activities "was used for his own substance abuse." Counsel also noted that when appellant is released from prison, he will have to have his driver's license reinstated and pay the fees necessary for doing so.

{¶ 12} The prosecutor argued that appellant had possessed an amount of drugs "way over just a personal use amount." The state argued that appellant

"certainly did make money. * * * [I]n a couple cases he was found with large amounts of money on him." One of the reasons the state had so many cases against appellant was that "he had no problems posting [the surety bonds] within three or four days," and then he would "go right back to doing the same thing."

{¶ 13} While appellant's criminal record and time of incarceration will undoubtedly hamper his ability to get a job, appellant did not argue below that he would be unemployable after his release. Instead, appellant's counsel stated that appellant would need to get his driver's license reinstated "to try to get on a legal path and be a law-abiding citizen, and in order to do that, obviously, he will need to get a job, have a license, and [pay a reinstatement fee of up to $1,000]."

{¶ 14} In addition, the court's careful questioning established that appellant was only 27 years old at sentencing, making him approximately 32 years old when released. Appellant stated that he had an 11th-grade education, and he raised no health concerns. And the court's entries expressly state: "The court has considered the defendant's present and future ability to pay a fine and court costs." This evidence, combined with the statements concerning appellant's ability to pay several surety bonds and his apparent intention to have a job in the future, is sufficient to support the trial court's imposition of the fines. Accordingly, we conclude that the trial court did not err by determining that appellant was not unable to pay the fines, and we overrule appellant's second assignment of error.

{¶ 15} In summary, we overrule appellant's three assignments of error. Therefore, we affirm the judgments of the Franklin County Court of Common Pleas.

Judgments affirmed.

McFARLAND, J., concurs.

TYACK, J., concurs in part and dissents in part.

McFARLAND, J., of the Fourth Appellate District, sitting by assignment.

TYACK, Judge, concurring in part and dissenting in part.

{¶ 16} On March 6, 2008, Bryant Loving resolved six separate indictments with guilty pleas and a jointly recommended sentence of five and one-half years of incarceration. His guilt and his term of incarceration are not in dispute on appeal. The only issue before us is the imposition of fines totaling $22,500 upon a person who was indigent at the time of sentencing and who was to be incarcerated for almost five more years after receiving jail-time credit toward the five-and-one-half year sentence.

{¶ 17} Three specific errors have been submitted for our consideration. They are set forth above.

{¶ 18} The first assignment of error speculates about a situation not presented by Loving's case. Loving received his agreed sentence of five and one-half years. The fines were stayed until after his term of incarceration is completed. Nothing in the record indicates that he will receive any additional incarceration if he does not or cannot pay the fines. I agree that we should overrule this assignment of error solely because the issue is not ripe for judicial resolution.

{¶ 19} The second assignment of error correctly states that Loving had filed with the court the appropriate affidavits of indigency as to each case. Nothing in the record indicated that he had a present ability to pay the fines. The state of Ohio, through an assistant prosecuting attorney, indicated that it likes to have these fines collected because the money goes directly to underwrite the costs of law enforcement, especially the costs of prosecuting drug cases. The state of Ohio made no suggestion that Loving would have any ability to pay a fine in the knowable future.

{¶ 20} On appeal, the state of Ohio argues that Loving "failed to meet his burden of showing that he would be unable to pay the fines." The state of Ohio also asserts that an abuse-of-discretion standard applies and that the trial court did not abuse its discretion in assessing the fines.

{¶ 21} Nothing in the record indicates that Loving has any current assets. Nothing in the record indicates that he will acquire any assets while he serves his five and one-half years of incarceration. He will be 32 years old when his term of incarceration ends. He will have been unemployed for over five years. He will present any future employer with a history of multiple felony convictions, a history of multiple misdemeanor convictions, and a history of drug addiction. His employment prospects are not good. His ability to pay for his basic needs is in serious question. His inability to pay for his basic needs and somehow pay $22,500 in fines is clear.

{¶ 22} I believe that the trial court erred in assessing fines totaling $22,500 on a person with no ability to pay. The fines were a violation of the pertinent statute, so I see no need to address the constitutional issues. See R.C. 2929.19(B)(6), which requires the trial court to consider the offender's present ability to pay before imposing a financial sanction. Here, Loving had no present ability to pay, and no evidence demonstrated that he would have a future ability to pay.

{¶ 23} The second assignment of error should be sustained.

{¶ 24} In light of what I believe the correct ruling should be on the second assignment of error, the third assignment of error should be moot. Although

making the payment of fines totaling $22,500 is even less likely during the three years a former inmate is serving his postrelease control, since the assessment of the fines was an error in the first place, the time for payment of the fines is immaterial.