[Cite as *State v. Booker*, 2015-Ohio-5118.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 15AP-42 |
| | | (C.P.C. No. 13CR-4438) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Darrell Booker, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 10, 2015

*Ron O'Brien*, Prosecuting Attorney, and *Valerie Swanson*, for appellee.

*Dennis C. Belli*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Darrell Booker ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of having a weapon under disability and sentencing him to 36 months of imprisonment. Because we conclude that appellant's conviction was supported by sufficient evidence and was not against the manifest weight of the evidence and appellant was not denied the effective assistance of trial counsel, we affirm.

{¶ 2} Appellant was charged with two counts of felonious assault with specifications (Counts One and Two) and one count of having a weapon under disability (Count Three) in connection with a shooting that occurred on July 8, 2013. Appellant waived his right to a jury trial with respect to Count Three, and the case proceeded to trial. The victim of the shooting, Rakim Willis ("Willis"), testified that he was eating at a restaurant with friends on July 8, 2013, when a car pulled up near the restaurant. Willis

testified that he recognized appellant, whom he knew from prior social interactions, sitting in the driver's seat of the car and another individual, Malachi Lewis ("Lewis"), sitting in the front passenger seat. When the car pulled up near the restaurant, appellant smiled at Willis and waived a gun. Willis testified that he was afraid for his life and grabbed a gun from a friend at the same table. Willis tried to flee but the restaurant door jammed. The car began to pull away and appellant fired shots toward the restaurant. Willis was struck in the elbow by a bullet.

{¶ 3} Willis was taken to the hospital for treatment and interviewed by police later that day. Willis testified that he initially told the police that he did not know the identity of the shooter because everyone in the neighborhood knew where Willis's mother lived and he was concerned about her safety. After being shot again in a subsequent incident, Willis was again interviewed by police and indicated that appellant was the shooter during the July 8th incident. Willis testified that, prior to the July 8th incident, he had not had any conflicts with appellant. However, Willis testified, he had previously had issues with Lewis, including an earlier incident where Lewis shot him. Willis stated that appellant and Lewis were best friends.

{¶ 4} At trial, the state presented testimony from the police detective who investigated the case. The detective reviewed surveillance video from the restaurant, including video showing the position of the car outside the restaurant. He testified that shell casings recovered from the scene suggested that the driver was the shooter because, based on the placement of the vehicle and the way shells are ejected from most firearms, if the passenger had been the shooter the shells would have been ejected into the vehicle, not onto the ground. The detective also testified that another witness to the shooting gave a description of one of the occupants of the car that matched appellant's appearance.

{¶ 5} At the close of its case-in-chief, the state moved to dismiss Count Two, and the trial court granted that motion. The jury was unable to reach a verdict with respect to Count One, and the trial court declared a mistrial with respect to that charge. The trial court, acting as finder of fact with respect to Count Three pursuant to appellant's waiver of a trial by jury on that charge, found appellant guilty of having a weapon under disability. Pursuant to its guilty finding, the trial court issued a judgment entry sentencing appellant to 36 months of imprisonment.

{¶ 6}   Appellant appeals from the trial court's judgment, assigning four errors for this court's review:

> [I.] Defendant-Appellant's conviction for having a weapon under disability is not supported by evidence sufficient to satisfy the requirements of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution; or alternatively, is against the manifest weight of the evidence.
>
> [II.] The trial court violated Defendant-Appellant's rights under the Double Jeopardy Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution when it ordered a retrial on the second felonious assault count which had already been dismissed on the State's motion at the close of its case.
>
> [III.] The trial court violated the presumption in favor of concurrent sentences by sentencing Defendant-Appellant for the [weapon under disability] count prior to final disposition of the remaining felonious assault count(s).
>
> [IV.] Defendant-Appellant was denied his right to the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.

{¶ 7}   Appellant argues in his first assignment of error that his conviction for having a weapon under disability was not supported by sufficient evidence and was against the manifest weight of the evidence.

{¶ 8}   We begin by considering appellant's sufficiency of the evidence argument. "Sufficiency of the evidence is a legal standard that tests whether the evidence introduced at trial is legally sufficient to support a verdict." *State v. Cassell*, 10th Dist. No. 08AP-1093, 2010-Ohio-1881, ¶ 36, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).  In reviewing a challenge to the sufficiency of the evidence, an appellate court must determine "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.  Where the evidence, "if believed, would convince the average mind of

the defendant's guilt beyond a reasonable doubt," it is sufficient to sustain a conviction. *Id.*

{¶ 9} The statute defining the offense of having a weapon while under disability states that a person may not knowingly acquire, have, carry, or use a firearm when certain conditions apply, including when "[t]he person * * * has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse." R.C. 2923.13(A)(3). The indictment charging appellant with having a weapon under disability asserted he had been adjudicated delinquent of possession of crack cocaine in 2007, a crime that, if committed by an adult, would have been a felony violation of R.C. 2925.11. Appellant argues the state presented insufficient evidence to establish that he had previously been adjudicated a delinquent minor. Appellant does not challenge the sufficiency of the evidence with respect to the other elements of the weapon under disability charge.

{¶ 10} Ohio law provides that, "[w]henever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction." R.C. 2945.75(B)(1). The Supreme Court of Ohio has held that R.C. 2945.75(B)(1) sets forth one way to provide sufficient proof of a prior conviction but that it is not the exclusive method of proof. " 'For example, an offender may, and often does, stipulate to a prior conviction to avoid the evidence being presented before a jury.' " *State v. Tate*, 138 Ohio St.3d 139, 2014-Ohio-44, ¶ 18, quoting *State v. Gwen*, 134 Ohio St.3d 284, 2012-Ohio-5046, ¶ 14. *See also State v. Raymond*, 10th Dist. No. 08AP-78, 2008-Ohio-6814, ¶ 12 ("The plain language of [R.C. 2945.75] *allows, but does not require*, the use of a 'certified copy of the entry of judgment' to prove a prior conviction."). (Emphasis sic.)

{¶ 11} At trial, the state presented a two-page document as an exhibit to establish appellant's prior delinquency adjudication and asserted that the parties had reached a stipulation regarding the prior adjudication. The first page of the exhibit was a magistrate's decision from the Franklin County Court of Common Pleas issued on October 26, 2007, following a dispositional hearing held on October 19, 2007. The

decision reaffirmed the magistrate's finding that appellant was a delinquent minor, having committed the offense of possession of crack cocaine, in violation of R.C. 2925.11, and placed him on probation.  The second page of the exhibit was the second page of an earlier magistrate's decision in the same case, issued on July 13, 2007, finding appellant to be a delinquent minor, and ordering an investigation prior to disposition. At the time the exhibit was introduced, the following exchange took place:

> MR. PIERSON [the prosecutor]: Thank you, Your Honor. We are trying to -- the weapons under disability in this case, the weapons under disability count, I believe it's Count Three, we are trying that to the Court, at this time the State would move to admit State's Exhibit F. It's my understanding this will come by way of stipulation. It's the prior record, Magistrate decision of a judgment entry against the Defendant for possession of crack cocaine. The Common Pleas Court time stamp is October 26, 2007.
>
> THE COURT: Ms. Thompson.
>
> MS. THOMPSON [appellant's trial counsel]: Your Honor, that is true. We are stipulating to his prior juvenile record.

(Tr. Vol. III, 108-09.)

{¶ 12} Appellant argues that his trial counsel only stipulated to the admissibility of the records contained in the state's exhibit, not to the validity or sufficiency of those records to prove that appellant was previously adjudicated a delinquent minor. Appellant also argues that the state's exhibit fails to demonstrate that the juvenile court complied with the appropriate procedures in making its finding or that the magistrate's decisions were adopted by a juvenile court judge.[1]  Thus, appellant asserts, the state's exhibit was insufficient to establish the legal disability element of the weapon under disability charge. The state argues in response that appellant's trial counsel stipulated to the admissibility of the records and to the fact that appellant had a prior record based on his delinquency adjudication. The state asserts that this stipulation was sufficient evidence to establish that appellant was under a legal disability at the time of the shooting.

---

[1] The record in the juvenile proceeding reflects that the magistrate's decisions issued following the July 13 and October 19, 2007 hearings were adopted by the juvenile court. The record also reflects that, prior to accepting appellant's admission to the charge of possession of crack cocaine, the magistrate advised him of his rights and the possible consequences of admitting to the charge.

{¶ 13} The Supreme Court held that a defendant stipulated to his prior convictions in a similar factual situation in *Tate*. Tate was charged with felony domestic violence and the indictment contained an allegation that he had previously been convicted of two offenses of domestic violence. *Tate* at ¶ 4. At trial, the prosecution presented a certified copy of the defendant's two prior first-degree misdemeanor domestic violence convictions and indicated the parties had agreed to a stipulation. The trial court asked defense counsel whether the defense "stipulate[d] to the authenticity," and defense counsel responded in the affirmative. *Id.* at ¶ 5. On appeal, Tate argued that his counsel only stipulated to the authenticity of the documents, not that he was the individual named in those documents and subject to the prior convictions. *Id.* at ¶ 15. The Supreme Court rejected this argument, concluding that Tate's counsel stipulated to the authenticity of the documents and the fact that Tate was the individual named in the documents. The Supreme Court noted that, in introducing the relevant documents, the prosecutor expressly referred to " '*the defendant's* two prior first degree misdemeanor domestic violence convictions.' " (Emphasis sic.) *Id.* at ¶ 20. Therefore, the Supreme Court concluded, defense counsel's stipulation, when read in context, addressed both the authenticity of the documents and that Tate was the subject of the two prior convictions referred to in those documents. *Id.* The Supreme Court held that "[a] careful reading of the stipulation as outlined by the prosecutor with specific reference to the defendant's prior domestic violence convictions and the trial court's reference to authenticity reveal that there is no ambiguity that Tate is the person referenced in the stipulated exhibits." *Id.* at ¶ 23.

{¶ 14} This court considered a similar argument in *State v. Jones*, 10th Dist. No. 88AP-391 (Sept. 19, 1989). In *Jones*, the defendant was charged with one count of felonious assault with specifications, and one count of possessing a weapon while under disability. On appeal, Jones argued that the state failed to prove his prior conviction as a specification to the felonious assault charge. Jones asserted that he stipulated to being on parole for purposes of the weapon under disability charge, but did not stipulate to having a prior conviction for purposes of the specification to the felonious assault charge. The transcript indicated that Jones's counsel agreed to stipulate that Jones was on parole for aggravated burglary for purposes of the weapon under disability charge. When asked by

the trial court to clarify, Jones's counsel stated "[w]e're stipulating that he was under disability, not that he had a weapon." Jones's counsel further stated "[h]e's been previously convicted of aggravated burglary and is presently on parole." This court rejected Jones's argument, concluding that, taken as a whole, the statements by his counsel constituted an admission that Jones had a prior conviction for aggravated burglary.

{¶ 15} In this case, similar to *Tate* and *Jones*, a review of the complete trial record indicates that appellant's counsel stipulated to his prior delinquency adjudication, not just to the admissibility of the documents contained in the state's exhibit. At the beginning of trial, appellant's trial counsel stated "Your Honor, at this time [appellant] is going to stipulate to his prior record and we want to try the [weapon under disability charge] to the Court." (Tr. Vol. I, 5.) Later, when the prosecutor introduced the exhibit intended to establish appellant's prior delinquency adjudication, appellant's trial counsel stated "[w]e are stipulating to his prior juvenile record." (Tr. Vol. III, 109.) Moreover, in her final argument to the trial judge relating to the weapon under disability charge, appellant's trial counsel focused solely on the credibility of the victim and argued that there was nothing other than the victim's testimony to tie appellant to the crime. Appellant's trial counsel did not assert that the state failed to prove the legal disability element of the weapon under disability charge. Under these circumstances, a thorough reading of the record reflects that appellant's trial counsel stipulated that he was previously adjudicated a delinquent minor. This stipulation was sufficient to establish beyond a reasonable doubt that appellant had been previously adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense involving the illegal possession of a drug of abuse, thus establishing the legal disability element of the weapon under disability charge. *See Tate* at ¶ 21. Therefore, we reject appellant's argument that his conviction was not supported by sufficient evidence.

{¶ 16} Next, we turn to appellant's claim that his conviction was against the manifest weight of the evidence. "While sufficiency of the evidence is a test of adequacy regarding whether the evidence is legally sufficient to support the verdict as a matter of law, the criminal manifest weight of the evidence standard addresses the evidence's effect of inducing belief." *Cassell* at ¶ 38, citing *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-

2202, ¶ 25. "When presented with a challenge to the manifest weight of the evidence, an appellate court may not merely substitute its view for that of the trier of fact, but must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. McCrary*, 10th Dist. No. 10AP-881, 2011-Ohio-3161, ¶ 12, citing *Thompkins* at 387. This authority "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Thompkins* at 387. In conducting our review of the evidence, "we are guided by the presumption that the jury, or the trial court in a bench trial, 'is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.' " *State v. Cattledge*, 10th Dist. No. 10AP-105, 2010-Ohio-4953, ¶ 6, quoting *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984).

{¶ 17} Appellant argues that his conviction was against the manifest weight of the evidence because the state relied on Willis as its primary witness. Appellant asserts that Willis offered contradictory testimony and failed to provide any motive or explanation for the shooting. Appellant also argues that Willis offered conflicting explanations for his failure to identify appellant as the individual who shot him during his initial police interview. Appellant further claims that Willis was not a credible witness because he had been previously convicted of a theft-related offense.

{¶ 18} The testimony of a single witness, if believed by the finder of fact, is sufficient to support a criminal conviction. *State v. Elqatto*, 10th Dist. No. 11AP-914, 2012-Ohio-4303, ¶ 20; *State v. Strong*, 10th Dist. No. 09AP-874, 2011-Ohio-1024, ¶ 42. Because appellant waived a jury trial on the weapon under disability charge, the trial judge, acting as the finder of fact, assessed the weight of the evidence and the credibility of the witnesses. *State v. Sullivan*, 10th Dist. No. 11AP-414, 2012-Ohio-2737, ¶ 37. The trial judge was entitled to believe all, part, or none of each witness's testimony. *Id.* In this case, the trial judge was made aware of Willis's criminal record through his testimony and could consider that information in assessing Willis's credibility. Appellant's trial counsel also elicited testimony from Willis related to the alleged inconsistencies in his account.

However, contrary to appellant's claims, Willis did offer one potential motive by testifying that he had previously had conflicts with Lewis, whom he testified was appellant's best friend and was present in the car at the time of the shooting. Additionally, Willis explained that he did not immediately identify appellant as the shooter because he was worried about the safety of his mother. As the police detective testified, the surveillance video and physical evidence tended to corroborate Willis's statement that the driver of the car fired the shots. Based on this evidence, we cannot conclude that the trial court clearly lost its way in concluding that appellant was in possession of a weapon while under disability.

{¶ 19} Accordingly, we overrule appellant's first assignment of error.

{¶ 20} Appellant asserts in his second assignment of error that the trial court violated the Double Jeopardy Clause by ordering a retrial on Count Two, which had been dismissed by the state. In the judgment entry finding appellant guilty on Count Three, the trial court indicated that "Counts One and Two remain pending for jury trial." (Dec. 23, 2014 Judgment Entry.) The state concedes that it voluntarily dismissed Count Two before the case was submitted to the jury and that the Double Jeopardy Clause would preclude the state from retrying appellant on that charge. However, the state argues that appellant's second assignment of error is not ripe for review because there is no indication that the state intends to attempt to retry appellant on Count Two.

{¶ 21} "In order to be justiciable, a controversy must be ripe for review." *Keller v. Columbus*, 100 Ohio St.3d 192, 2003-Ohio-5599, ¶ 26, citing *R.A.S. Entertainment, Inc. v. Cleveland*, 130 Ohio App.3d 125, 129 (8th Dist.1998). "A claim is not ripe for our consideration if it rests on contingent future events that may not occur as anticipated or may never occur at all." *State v. Loving*, 180 Ohio App.3d 424, 2009-Ohio-15, ¶ 4 (10th Dist.), citing *Texas v. United States*, 523 U.S. 296, 300 (1998). In this case, after the jury failed to reach a verdict on Count One, the trial court issued a judgment entry finding appellant guilty on Count Three and imposing a prison sentence. In that entry, the trial court indicated that Count One and Count Two remained pending for jury trial, despite the fact that the state had dismissed Count Two before the case was submitted to the jury. After appellant filed his brief in this appeal, the trial court issued a nunc pro tunc judgment entry finding appellant guilty on Count Three and imposing a prison sentence.

In the nunc pro tunc judgment entry, the trial court indicated that Count One remained pending for a jury trial and ordered a nolle prosequi be entered as to Count Two at the request of the state. This judgment entry supports the state's claim that it does not intend to attempt to retry appellant on Count Two.  To the extent that appellant argues the Double Jeopardy Clause would bar a retrial on Count Two, such argument is not ripe for our review because it is contingent on the state attempting to retry him on that charge, which may never come to pass.

{¶ 22} Accordingly, appellant's second assignment of error is not ripe for review and we decline to address it.

{¶ 23} Appellant argues in his third assignment of error that the trial court violated the presumption in favor of concurrent sentences by sentencing him on the weapon under disability charge before disposition of the remaining felonious assault charge under Count One. After briefing in this appeal was complete, the trial court issued a judgment entry on June 15, 2015, indicating that appellant pled guilty to Count One.  Pursuant to that plea, the trial court sentenced appellant to six years of imprisonment to be served *concurrently* to appellant's sentence on Count Three.

{¶ 24} An issue is moot when it " 'involve[s] no actual genuine, live controversy, the decision of which can definitely affect existing legal relations.' " *Grove City v. Clark*, 10th Dist. No. 01AP-1369, 2002-Ohio-4549, ¶ 11, quoting *Culver v. Warren*, 84 Ohio App. 373, 393 (7th Dist.1948).  Here, the trial court's subsequent judgment entry indicating that appellant's term of imprisonment on Count One was to be served concurrently with his sentence on Count Three renders moot appellant's argument that the trial court violated the presumption in favor of concurrent sentences.

{¶ 25} Accordingly, appellant's third assignment of error is moot and we decline to address it.

{¶ 26} In his fourth assignment of error, appellant asserts that his trial counsel provided ineffective assistance.  "A convicted defendant alleging ineffective assistance of counsel must demonstrate (1) defense counsel's performance was so deficient that he or she was not functioning as the counsel guaranteed under the Sixth Amendment to the United States Constitution, and (2) defense counsel's errors prejudiced defendant, depriving him or her of a trial whose result is reliable." *State v. Campbell*, 10th Dist. No.

03AP-147, 2003-Ohio-6305, ¶ 24, citing *Strickland v. Washington*, 466 U.S. 668 (1984), and *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. "Judicial scrutiny of counsel's performance must be highly deferential * * * [and] [b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland* at 689; *Bradley* at 141.

{¶ 27} Appellant first argues that, to the extent this court finds that his trial counsel stipulated that he had been previously adjudicated a delinquent minor, agreeing to such a stipulation constituted ineffective assistance. Appellant claims the state was only seeking to introduce certain documents that purported to relate to the prior delinquency adjudication and his trial counsel rendered ineffective assistance by stipulating to anything more than the admissibility of those documents. As explained above, we conclude that, considering the trial record as a whole, appellant's trial counsel stipulated to the fact that appellant previously had been adjudicated a delinquent minor.

{¶ 28} With respect to the first step of the ineffective assistance analysis regarding whether counsel's performance was deficient, "[t]he defendant has the burden of proof and must overcome the strong presumption that counsel's performance was adequate or that counsel's action might be sound trial strategy." *State v. Banks*, 10th Dist. No. 10AP-1065, 2011-Ohio-2749, ¶ 13, citing *State v. Smith*, 17 Ohio St.3d 98, 100 (1985). "Debatable trial tactics and strategies do not constitute a denial of effective assistance of counsel." *State v. Hester*, 10th Dist. No. 02AP-401, 2002-Ohio-6966, ¶ 10, citing *State v. Clayton*, 62 Ohio St.2d 45, 49 (1980). In this case, it is clear that appellant's trial counsel pursued a strategy of discrediting the state's key witness and challenging his testimony identifying appellant as the shooter. In her closing argument, appellant's trial counsel argued that Willis was not a credible witness and that there was no evidence other than Willis's testimony linking appellant to the crime. It appears that appellant's trial counsel made a strategic decision to focus solely on this argument and not to present the alternative argument that the state had failed to prove that appellant was under a legal disability and prohibited from possessing a firearm at the time of the shooting. "The fact that defense counsel may not have pursued every possible defense is not the test for a claim of ineffective assistance of counsel; rather, the issue is whether the defense chosen

was objectively reasonable." *State v. Baker*, 111 Ohio App.3d 313, 323 (10th Dist.1996), citing *Strickland* at 688. Appellant has failed to demonstrate that it was not objectively reasonable for his trial counsel to stipulate to his prior record and focus the court's attention on Willis's credibility and the lack of other evidence against appellant. *See State v. Ryan*, 10th Dist. No. 08AP-481, 2009-Ohio-3235, ¶ 85 (trial counsel was not ineffective in stipulating to prior negligent assault conviction); *State v. Blackburn*, 11th Dist. No. 2001-T-0052, 2003-Ohio-605, ¶ 39 (decision to enter stipulation to prior conviction element of offense was a matter of trial strategy and did not constitute ineffective assistance).

{¶ 29} Appellant further argues that his trial counsel provided ineffective assistance by failing to object to the portion of the judgment entry indicating that Count Two remained pending for a jury trial despite that charge having been dismissed at the request of the state. As explained above, the trial court subsequently issued a nunc pro tunc judgment entry reflecting the fact that Count Two had been dismissed at the request of the state. Thus, appellant did not suffer prejudice as of his trial counsel's failure to object to the language in the original judgment entry.

{¶ 30} Finally, appellant claims that his trial counsel rendered ineffective assistance by failing to object to the trial court sentencing him on Count Three prior to the resolution of Count One. Again, as explained above, appellant subsequently pled guilty to Count One and the trial court imposed a six-year prison term, to be served concurrently with the sentence imposed on Count Three. Therefore, appellant was not prejudiced by his trial counsel's failure to object to the trial court imposing a sentence on Count Three before appellant had been convicted or acquitted on Count One.

{¶ 31} Accordingly, we overrule appellant's fourth assignment of error.

{¶ 32} For the foregoing reasons, we overrule appellant's first and fourth assignments of error. We decline to address appellant's second assignment of error as unripe and his third assignment of error as moot. We affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN, P.J., and HORTON, J., concur.

————————