[Cite as *State v. Hill*, 2019-Ohio-2743.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 107445 |
| v. | : | |
| McKALE HILL, | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 3, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-17-613232-A and CR-17-620544-A

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Blaise D. Thomas, Assistant Prosecuting Attorney, *for appellee.*

Mark A. Stanton, Cuyahoga County Public Defender, and John T. Martin and Paul Kuzmins, Assistant Public Defenders, *for appellant.*

MARY EILEEN KILBANE, A.J.:

{¶ 1} Defendant-appellant, McKale Hill ("Hill"), appeals the trial court's decision ordering restitution and imposing a fine. For the reasons set forth below, we affirm.

{¶ 2} Hill was charged in three separate cases. In the first, Cuyahoga C.P. No. CR-17-613232, Hill was charged in February 2017 with aggravated robbery, with one- and three-year firearm specifications attached, and also charged with having weapons while under disability ("HWWUD"). In the second, Cuyahoga C.P. No. CR-17-613191-A, Hill was charged in March 2017 with one count of drug possession. In the third, Cuyahoga C.P. No. CR-17-620544, Hill was charged in August 2017 with aggravated murder, murder, and felonious assault, with one- and three-year firearm specifications attached to each charge. Hill was also charged with HWWUD.

{¶ 3} In May 2018, Hill reached a plea agreement with the state regarding all three cases. In Case No. CR-17-613232, Hill agreed to plead guilty to aggravated robbery with the deletion of the firearm specifications. Under the agreement, the HWWUD charge would be dismissed. In Case No. CR-17-613191, Hill agreed to plead guilty as indicted. In Case No. CR-17-620544, Hill agreed to plead guilty to an amended charge of involuntary manslaughter with one- and three-year firearm specifications attached. Hill also agreed to plead guilty to an amended charge of felonious assault, with the deletion of the firearm specifications, and plead guilty to HWWUD. Under the agreement, the murder charge would be dismissed.

{¶ 4} Further, under the agreement, the charges for involuntary manslaughter and felonious assault would merge. Finally, the state and Hill jointly agreed to a recommended sentence of 18-20 years in prison. The prosecuting attorney placed on the record that under R.C. 2953.08(D)(1), if the trial court

imposed a sentence duly authorized by law, and it was jointly recommended, it was not subject to review.

{¶ 5} Thereafter, the trial court reviewed the charges, the potential penalties, and the plea agreement with Hill. The trial court explained that he would impose the recommended sentence of 18, 19, or 20 years and that Hill would be subject to a mandatory five-year period of postrelease control. Hill then proceeded to plead guilty as outlined in the agreement.

{¶ 6} In June 2018, Hill appeared for sentencing. The trial court indicated that the victim of the aggravated robbery in Case No. CR-17-613232 had requested restitution in the amount of $7,714. Defense counsel objected to the requested amount. The trial court proceeded to review the itemized list provided by the probation department, which included a jacket valued at $220, a jogging suit valued at $125, a pair of boots valued at $190, a Cleveland Cavaliers NBA Championship ring valued at $4,999, lost contacts valued at $180, bandages valued at $45, and $1,800 in damage to the victim's vehicle.

{¶ 7} Defense counsel agreed with the values pertaining to the jacket, the jogging suit, and the pair of boots, but disagreed with the value of the Cleveland Cavaliers NBA Championship ring. Defense counsel indicated that he had been provided no information regarding the damage to the victim's vehicle, the lost contacts and the bandages.

{¶ 8} The state presented the testimony of Benita Ramsey ("Ramsey"), the great aunt of the victim in Case No. CR-17-620544. Ramsey testified that she had

incurred approximately $14,000 in funeral expenses and that she could furnish the receipts. Ramsey testified that the cost incurred posed a hardship and she would accept whatever amount the trial court thought was fair.

{¶ 9} Defense counsel renewed its objection and opined that Hill would not be in a position to pay the restitution after serving 18 to 20 years in prison. Despite his objection, defense counsel asked the trial court to proceed with sentencing. The trial court, however, continued the hearing to give the parties time to furnish additional documentary evidence of economic loss.

{¶ 10} Approximately one week later, the trial court reconvened the hearing and revisited the issue of restitution. The state presented additional documentation to support the request for restitution in Case Nos. CR-17-613232 and CR-17-620544. Defense counsel presented a listing of Cavaliers Championship replica rings for sale on eBay that ranged in price from $9 to $70.

{¶ 11} Thereafter, in Case No. CR-17-613232, the trial court sentenced Hill to six years in prison, fined him $10,000, and ordered restitution in the amount of $1,915. In Case No. CR-17-613191, the trial court sentenced Hill to one year, which would be served concurrently to the sentence in Case No. CR-17-613232. In Case No. CR-17-620544, the trial court sentenced Hill to 11 years, plus 3 years for the firearm specification for the charge of involuntary manslaughter, for a total of 14 years. The trial court sentence Hill to three years for HWWUD to be served concurrently with the sentence imposed for involuntary manslaughter. The trial court ordered restitution in the amount of $12,759. The sentences imposed in CR-

17-613232 and CR-17-620544 were to be served consecutively for an aggregate prison sentence of 20 years.

{¶ 12} Hill now appeals, assigning the following two errors for review:

Assignment of Error One

The trial court erred in imposing restitution when the plea agreement specifically did not contemplate restitution and where the trial court's plea colloquy never mentioned restitution.

Assignment of Error Two

The trial court erred in imposing a fine of $10,000 in CR-613232 in light of [Hill's] indigence and the large term of imprisonment imposed.

{¶ 13} In the first assignment of error, Hill argues the trial court erred by imposing restitution because it was not part of his plea agreement with the state.

{¶ 14} We review a trial court's decision to order restitution for abuse of discretion. *State v. Maurer*, 2016-Ohio-1380, 63 N.E.3d 534, ¶ 12 (8th Dist.); *State v. McLaurin*, 8th Dist. Cuyahoga No. 103068, 2016-Ohio-933, ¶ 8. An abuse of discretion implies that the trial court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 15} In the instant case, following Hill's change of plea and after the trial court had continued the sentencing hearing, for one week, to give the parties the opportunity to further discuss the issue of restitution, the following exchange took place:

[THE COURT]: Are you suggesting that the Court is without jurisdiction or unable to impose any financial sanctions including restitution because it wasn't mentioned in the plea?

[DEFENSE COUNSEL]: As far as jurisdiction goes, I mean, obviously, the Court has jurisdiction. My argument is —

[THE COURT]: As far as 2929.18.

[DEFENSE COUNSEL]: I know 2929.18. I think it applies. Here's my point, I think that that was not part of the bargain that the State made. And that if they intended on asking for restitution, a lot of restitution, that should have been made part of the plea bargain on the record. And I think the plea bargain is fair. I think what he plead to and what he did. I think the range is fair. That's why we plead to it, and we just, I would ask that the Court just stick to that and not impose restitution.

[STATE]: The plea bargain as outlined was the plea bargain. It spoke to penalties in terms of incarceration and acceptance of responsibility for the homicide. It's silent on the issue of fines, costs, or restitution. To argue since it's silent that the Court is deprived of its inherent jurisdiction to impose those remedies or penalties I think is not part of the law's plea bargain or contract. I think the Court does retain inherent authority to order a financial either restitution or fines or costs.

{¶ 16} Pursuant to R.C. 2929.18(A)(1), a trial court may order an offender to pay restitution to the victim's family "in an amount based on the victim's economic loss" as part of a felony sentence.

{¶ 17} R.C. 2929.18(A)(1) provides, in relevant part:

Except as otherwise provided in this division and in addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section. Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:

(1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. * * * If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by

the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount.

{¶ 18} A plain reading of the above statute vests the trial court with jurisdiction to order restitution. With respect to the amount of restitution imposed, the court "must engage in a 'due process ascertainment that the amount of restitution bears a reasonable relationship to the loss suffered.'" *McLaurin*, 8th Dist. Cuyahoga No. 103068, 2016-Ohio-933, at ¶ 13, quoting *State v. Borders*, 12th Dist. Clermont No. CA2004-12-101, 2005-Ohio-4339, ¶ 36. Further, the amount must be supported by competent, credible evidence. *State v. Johnson*, 2018-Ohio-3670, 119 N.E.3d 914, ¶ 55 (8th Dist.), citing *State v. Gears*, 135 Ohio App.3d 297, 300, 733 N.E.2d 683 (6th Dist.1999).

{¶ 19} The record indicates that the trial court held two hearings on the issue of restitution after defense counsel objected. Between the first and second hearing, documentary evidence was presented to aid the trial court in determining an amount that was reasonable. Our review of the record reveals that there was competent and credible evidence from which the trial court was able to discern the amount of restitution to a reasonable degree of certainty. As a result, the trial court satisfied the statutory requirements.

{¶ 20} We also note that at the first hearing, the trial court asked defense counsel if Hill wanted to withdraw his pleas. Defense counsel declined and indicated he wanted to proceed with sentencing. In addition, there is nothing in the record to suggest that defense counsel revisited the plea bargain with the state, during the one-week period between the two hearings. There is no indication that defense counsel lodged a complaint with the prosecutor's office that restitution was not contemplated or engaged in any effort to have restitution not be part of the agreement.

{¶ 21} Further, prior to Hill entering his pleas, the trial court stated: "The only promise I am making is that I will impose a sentence of 18, 19, or 20 years. Do you understand that?" Hill stated that he understood. Thus, Hill was on notice that the trial court was not limited by the plea agreement.

{¶ 22} Further, in *State v. Lalain*, 136 Ohio St.3d 248, 2013-Ohio-3093, 994 N.E.2d 423, when the Ohio Supreme Court considered whether it was error for the trial court to order a defendant to pay an amount of restitution in the absence of it being specified in the plea agreement. The court stated:

> The certified question merges the above statutory requirements with the concept of the plea agreement and needlessly confuses the matter. The statute contains no statement about incorporating restitution into plea agreements, so that is not a statutory mandate.

*Id.* at ¶ 23.

{¶ 23} Based on the foregoing, we find no abuse of discretion in the trial court's order of restitution in these matters.

{¶ 24} Accordingly, the first assignment of error is overruled.

**{¶ 25}** In the second assignment of error, Hill argues the trial court erred in imposing a $10,000 fine. In support of his argument, Hill claims his indigence and lengthy prison sentence should have precluded the fine.

**{¶ 26}** Despite Hill's assertions, Ohio law does not prohibit a trial court from imposing a fine on an indigent defendant. *State v. Hampton*, 8th Dist. Cuyahoga No. 103992, 2016-Ohio-5419, citing *State v. Williams*, 8th Dist. Cuyahoga No. 92419, 2009-Ohio-5964, ¶ 8. *See also State v. Ramos*, 8th Dist. Cuyahoga No. 92357, 2009-Ohio-3064; and *State v. Roark*, 8th Dist. Cuyahoga No. 84992, 2005-Ohio-1980.

**{¶ 27}** Likewise, the fact that a defendant is sentenced to a lengthy prison sentence "does not necessarily preclude the imposition of financial sanctions." *State v. Nitsche*, 2016-Ohio-3170, 66 N.E.3d 135 (8th Dist.), citing *State v. Western*, 2015-Ohio-627, 29 N.E.3d 245, ¶ 57 (2d Dist.). "For example, '[t]he possibility of working while in prison is one factor that a trial court can use in determining an inmate's ability to pay financial sanctions.'" *Id.*, quoting *Western* at ¶ 55.

**{¶ 28}** Further, neither statute nor case law prescribes the express factors a court must consider or findings a court must make when determining the offender's present and future ability to pay. *State v. Theodorou*, 8th Dist. Cuyahoga No. 105630, 2017-Ohio-9171, citing *State v. Loving*, 180 Ohio App.3d 424, 2009-Ohio-15, 905 N.E.2d 1234, ¶ 9 (10th Dist.). Rather, the record need only reflect that the court considered the offender's present and future ability to pay before it imposed a financial sanction on the offender. *Id.*

{¶ 29} Here, we are satisfied that the trial court considered Hill's present and future ability to pay before imposing financial sanctions. As previously noted, the trial court held two hearings before imposing financial sanctions. The record indicates that Hill was 22 years old at the time he was sentenced. The trial court encouraged Hill to make good use of his time while in prison and advised Hill that he could do community work service to help pay down the costs and fines.

{¶ 30} Based on the foregoing, we find no abuse of discretion in the trial court's imposition of a fine.

{¶ 31} Accordingly, the second assignment of error is overruled.

{¶ 32} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

ANITA LASTER MAYS, J., and
RAYMOND C. HEADEN, J., CONCUR