[Cite as *State v. Burks*, 2023-Ohio-1156.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29629 |
| | : | |
| v. | : | Trial Court Case No. 22-CRB-1496 |
| | : | |
| MARQUISE BURKS | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on April 7, 2023

. . . . . . . . . . .

MARC T. ROSS, Attorney for Appellee

THOMAS W. KIDD, JR., Attorney for Appellant

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Defendant-Appellant Marquise Burks appeals from his convictions on several offenses in the Dayton Municipal Court. Specifically, he challenges the court's imposition of fines as part of his sentence, although the fines were suspended. For the following reasons, the judgment of the trial court is affirmed.

## I.       Factual and Procedural Background

**{¶ 2}** Burks was charged with domestic violence, assault, and aggravated menacing, all misdemeanors of the first degree; and domestic violence, a misdemeanor of the fourth degree. Burks pled not guilty, and the matter proceeded to a bench trial on July 26, 2022.   Following the trial, Burks was found guilty of all charges.

**{¶ 3}** The trial court ordered a presentence investigation (PSI), which included the following information: Burks was 27 years old; he had graduated from high school and completed one year of college; he did not have any financial concerns and was not behind on any debts; he worked full-time at Corner Kitchen as a chef and had worked there for seven months; he had prior work experience as a sous chef for two years before his current employment; and he was "pretty healthy." At sentencing on October 12, 2022, the trial court merged the assault with the first-degree misdemeanor domestic violence and imposed the following sentences: a one-year term of probation, 180 days in jail each on the first-degree domestic violence and aggravated menacing, and 30 days in jail on the fourth-degree domestic violence.   All of the sentences were to run concurrently, but the jail time was suspended. The court also imposed a $200 fine on each count but suspended the fines.

**{¶ 4}** At the sentencing hearing, the following exchange took place:

* * *

[THE COURT]: Do you have the PSI? All right, so, this was after a trial. All right, well give me one second. This was a trial to the bench. All right, so it appears that there was a trial held on July 26th of 2022. At that time, the

court found the defendant guilty as charged and referred the matter for a full PSI. I, obviously, was not the person who heard the trial. First let me ask you whether or not anybody has any issues with me conducting the sentencing today?

[THE PLAINTIFF]: No, issues Your Honor.

[THE COURT]: Any issues for the defense?

[THE DEFENSE]: (inaudible)

[THE COURT]: I will say that Judge Henderson, who heard the trial, is the one who has done the sentencing essentially [sic] or told me what he would like to see happen. I don't know if that brings you any comfort in that the person who heard it is the one who is doing the sentencing and I'm just going along with this recommendation. I just want to put that out there in case there is an issue.

* * *

[THE COURT]: Anything from the Defense?

[THE DEFENSE]: Yes, Your Honor. * * * He is a chef at Corner Kitchen. He's been there since the opening. * * *

* * *

[THE COURT]: * * * On each count there's a two hundred dollar fine. The fines will be suspended. So, should you violate the – you also are ordered to have no contact with the complainant during your term of supervised probation. Do you understand?

[THE DEFENDANT]: Yes, Your Honor.

**{¶ 5}** On October 27, 2022, Burks filed a notice of appeal.

## II. Review of Burks's Sentence

**{¶ 6}** Burks's first assignment of error states as follows:

THE TRIAL COURT ERRED IN ORDERING THE PAYMENT OF A FINE

AS PART OF APPELLANT'S SENTENCE.

**{¶ 7}** Burks contends that the trial court erred in ordering the payment of a fine as part of his sentence, because the court did not assess his present and future ability to pay the fine. In support, he argues that the trial court's suspension of the fine does not change the analysis, as the imposition of the fine was apparently suspended based on Burks's completion of probation, not based on a consideration of Burks's present and future ability to pay.

**{¶ 8}** In response, the State asserts that there is no justiciable issue that is ripe for consideration because the trial court imposed a fine but then suspended it. The State argues that the fine may never become due, as the fine was not explicitly suspended by the trial court on the occurrence or non-occurrence of a particular condition or on Burks's ability to successfully complete the term of probation. The State further argues that neither Burks nor his counsel lodged any objection to the imposition of the fine or to the fine's suspension at the sentencing hearing, and the defense even offered evidence that Burks was then employed as a chef. Additionally, the State argues that Burks never raised an issue that he lacked a present or future ability to pay a fine and that, if the fine is ever

owed, Burks can request a hearing pursuant to R.C. 2929.28(B) at that time to determine his ability to pay the fine.

{¶ 9} "In order to be justiciable, a controversy must be ripe for review." *State v. Loving*, 180 Ohio App.3d 424, 2009-Ohio-15, 905 N.E.2d 1234, ¶ 4-15, citing *Keller v. Columbus,* 100 Ohio St.3d 192, 2003-Ohio-5599, 797 N.E.2d 964, ¶ 26. "A claim is not ripe for our consideration if it rests on contingent future events that may not occur as anticipated or may never occur at all." *Id.*, citing *Texas v. United States*, 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998).

{¶ 10} R.C. 2929.28 governs financial sanctions in misdemeanor cases. If the court determines a hearing is necessary for the imposition of financial sanctions, "the court may hold a hearing to determine whether the offender is able to pay the financial sanction imposed pursuant to this section or court costs or is likely in the future to be able to pay the sanction or costs." R.C. 2929.28(B). Although R.C. 2929.28(B) makes holding a hearing on a defendant's ability to pay financial sanctions discretionary with the court, there must be "some evidence in the record that the court considered the defendant's present and future ability to pay the sanction imposed." *State v. Simmons*, 2d Dist. Montgomery No. 26181, 2015-Ohio-446, ¶ 8, quoting *State v. Kinsworthy,* 12th Dist. Warren No. CA2013-06-060, 2014-Ohio-2238, ¶ 34 and *State v. Reigsecker,* 6th Dist. Fulton No. F-03-022, 2004-Ohio-3808, ¶ 11. "[W]hen determining a defendant's present and future ability to pay, there are no express factors a trial court must consider or findings a court must make." *Loving* at ¶ 9, citing *State v. Conway,* 10th Dist. Franklin No. 03AP-1120, 2004-Ohio-5067, ¶ 7, citing *State v. Finkes*, 10th Dist. Franklin No. 01AP-310, 2002

WL 464998, *22 (Mar. 28, 2002). However, when considering an offender's ability to pay, reviewing courts have identified certain factors as relevant, including the offender's age; the offender's employment history and potential; the offender's education; the offender's health; the length of the offender's prison term; the offender's source of income; the offender's income potential; whether the offender is indigent; and the amount of the fine. *State v. Lykins*, 4th Dist. Adams No. 17CA1040, 2017-Ohio-9390, ¶ 13.

{¶ 11} "[W]hen a trial court fails to make an explicit finding regarding an offender's ability to pay, a reviewing court may consider the entire record to ascertain whether this finding may be inferred." (Citations omitted.) *Id.* at ¶ 12. Reviewing courts "have been reluctant to recognize error in imposing financial sanctions when an offender fails to argue before the trial court that the offender lacks the present or future ability to pay and fails to present testimony or evidence to that effect." (Citations omitted.) *Id.*

{¶ 12} Here, Burks's argument that the imposition of the fine was suspended based on Burks's completion of probation, not based on a consideration of Burks's present and future ability to pay, is speculative. The trial court suspended the fine but did not plainly indicate that the fine was suspended on the occurrence or non-occurrence of a particular condition, and, thus, the fine may never become due. For this reason, there is no justiciable issue before the Court that is ripe for consideration, as Burks's argument rests on contingent future events that may not occur as anticipated or may never occur at all.

{¶ 13} Furthermore, we conclude that there is some evidence that the trial court considered Burks's present and future ability to pay the fine. The trial court referenced

Burks's PSI during sentencing, asked if there were any objections to proceeding with sentencing, and imposed and then suspended the fines. The PSI contained evidence that Burks was 27 years old; that he graduated from high school and completed one year of college; that he did not have any financial concerns and was not behind on any debts; that he worked full-time at Corner Kitchen as a chef and had worked there for seven months; that he had prior work experience as a sous chef for two years before his current employment; and that he was "pretty healthy." Moreover, Burks never raised an issue in the trial court that he lacked a present or future ability to pay the fine and, in fact, presented evidence that he was employed full-time as a chef at the time of sentencing. Finally, if the fine is ever owed, Burks can request a hearing at that time pursuant to R.C. 2929.28(B) to determine his ability to pay the fine.

{¶ 14} The trial court did not err by ordering Burks to pay a fine, and, thus, Burks's assignment of error is overruled.

### III. CONCLUSION

{¶ 15} The judgment of the trial court is affirmed.

. . . . . . . . . . . .

TUCKER, J. and EPLEY, J., concur.