[Cite as *State v. Stumbo*, 2023-Ohio-2893.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2022-CA-90 |
| | : | |
| v. | : | Trial Court Case No. 22CR0632 |
| | : | |
| JOHN C. STUMBO, II | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on August 18, 2023

. . . . . . . . . . .

STEVEN H. ECKSTEIN, Attorney for Appellant

RACHAEL SLAGLE, Attorney for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} John C. Stumbo II appeals from his conviction following a guilty plea to one count of aggravated drug possession, a fifth-degree felony.

{¶ 2} Stumbo challenges the trial court's imposition of a $2,500 fine, asserting that he lacks a present or future ability to pay. We conclude that the record supported a finding of a future ability to pay. Accordingly, the trial court's judgment will be affirmed.

## I. Background

{¶ 3} A grand jury indicted Stumbo on one count of third-degree-felony aggravated drug possession involving methamphetamine. He later pled guilty to an amended drug charge as a fifth-degree felony. The plea agreement included resolution of a second case in which Stumbo pled guilty to aggravated drug trafficking as a fourth-degree felony. At disposition, the trial court imposed community-control sanctions in both cases. Stumbo's sentence in the above-captioned case included a discretionary $2,500 fine under R.C. 2929.18(A)(3)(e).

## II. Analysis

{¶ 4} In his sole assignment of error, Stumbo challenges imposition of the fine. He argues that the record failed to support a finding of his present or future ability to pay.

{¶ 5} With regard to his present ability to pay, Stumbo notes he was declared indigent below and was appointed counsel. As for his future ability to pay, he asserts that the record reflects the following:

1. since COVID-19 he has had a struggle earning a living;

2. he was forced to turn to selling drugs to make a living;

3. he has two children living with him;

4. he has two parents living with him;

5. he has no car;

6. he has no money for car insurance;

7. he has no driver's license;

8. he has accumulated fines from prior cases that he cannot pay off;

9. he does not own a house;

10. he has no savings; and,

11. he has custody of his children as their mother is a drug addict.

Appellant's Brief at 10.

{¶ 6} In light of the foregoing circumstances, Stumbo contends the record did not support a finding of his ability to pay a $2,500 fine.

{¶ 7} Before imposing a financial sanction, a trial court is obligated to consider a defendant's present and future ability to pay. R.C. 2929.19(B)(5). A trial court need not expressly state that it has considered a defendant's ability to pay, however, and it need not make any particular findings. *State v. Phillips*, 2d Dist. Montgomery No. 29087, 2022-Ohio-1262, ¶ 23. Consideration of a defendant's ability to pay may be inferred where the record contains evidence that the trial court took into account relevant factors, which may include a defendant's age, health, education, work history and potential for work, sources of income and potential income, indigence, and the amount of the fine. *Id.*; *State v. Burks*, 2d Dist. Montgomery No. 29629, 2023-Ohio-1156, ¶ 10.

{¶ 8} Here the record contains evidence supporting an inference that the trial court considered Stumbo's ability to pay before imposing a fine. At sentencing, the trial court referenced information contained in a presentence investigation report and engaged in a discussion with Stumbo about his age, employment history, sources of income, and expenses. The record reflects that Stumbo was 39 years old at the time of sentencing. He had a tenth-grade education and was capable of working. His employment had fluctuated between part time and full time, partially depending on the weather. He most recently had earned $20 per hour. He was paid by the job with the average job earning

him $300. When he worked full time, his net pay was about $2,400 per month.

{¶ 9} At the time of sentencing in December 2022, Stumbo was not working full time. His work had slowed down, but it was expected to pick up after Christmas. Stumbo stated that he had been laid off prior to the COVID-19 pandemic and that earning money had been "a struggle" since then. Although he lacked a vehicle or a driver's license, a co-worker was available to take him to jobs.

{¶ 10} Stumbo lived in a rented house. His two high-school-age children resided with him. Also residing in the home were Stumbo's parents, who helped pay his bills, which included $850 a month for rent, $350 for utilities, $199 for cable television, and $100 total for a home phone and cell phone.

{¶ 11} When imposing Stumbo's sentence, the trial court included a community-control condition obligating him to "seek, find, and maintain employment." This requirement implicitly constituted a finding that he was capable of working. Particularly in light of Stumbo's relative youth, ability to work, employment record, and income history, the record adequately demonstrates his future ability to pay a $2,500 fine over time.

{¶ 12} Stumbo's arguments fail to persuade us otherwise. Even if the COVID-19 pandemic impacted his employment and led to his dealing drugs, the record suggests that his employment situation was fluid and that it was reasonably likely to improve. The trial court certainly could have determined that Stumbo, an able-bodied 39-year-old with no prior felony convictions and a work history, was employable and capable of paying his fine over time. Although Stumbo supported two teen-aged children, he also received financial assistance from his parents. As for his lack of a car or a driver's license, Stumbo

explained that a co-worker was available to take him to jobs. The fact that he had no savings at the time of sentencing may have established a present inability to pay a fine, but it did not demonstrate a future inability to pay. Finally, we are unpersuaded that his failure to pay small fines and costs imposed in prior misdemeanor cases necessarily demonstrated his future inability to pay the fine imposed in this case.

{¶ 13} Based on the reasoning set forth above, we see no error in the trial court's imposition of Stumbo's fine. His assignment of error is overruled.

### III. Conclusion

{¶ 14} The judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

LEWIS, J. and HUFFMAN, J., concur.