[Cite as *State v. Bowser*, 2023-Ohio-4684.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                          Court of Appeals No.  OT-23-008

    Appellee                                     Trial Court No.  22 CR 083

v.

Samantha Bowser                                **DECISION AND JUDGMENT**

    Appellant                                    Decided:  December 21, 2023

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney and
Thomas A. Matuszak, Assistant Prosecuting Attorney, for appellee.

Christopher Bazeley, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a March 14, 2023 judgment of the Ottawa County

Court of Common Pleas, sentencing appellant to a five-year total term of incarceration

following appellant's convictions, pursuant to a plea agreement, on three counts of

making false alarms, in violation of R.C. 2917.32(A), felonies of the fifth degree, and one

count of tampering with evidence, in violation of R.C. 2921.12(A), a felony of the third degree. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Samantha Bowser, sets forth the following two assignments of error:

"The trial court failed to properly advise [appellant] of all of the possible penalties for a violation of PRC.

"The trial court's failure to advise [appellant] renders her plea unknowingly, involuntarily, and [unintelligently] given."

{¶ 3} The following undisputed facts are relevant to this appeal. This case arises from a series of law enforcement investigations, at both the local and state level, triggered by a series of allegations reported by appellant to law enforcement agencies, hospitals, and homeless shelters serving abused women, maintaining that she had been sexually abused, assaulted, and raped by multiple individuals on multiple occasions. Appellant had become acquainted with the accused individuals in various ways, including co-workers, mutual acquaintances, and via online dating applications for those seeking sexual encounters.

{¶ 4} Ultimately, following extensive investigations and inter-agency collaboration, it was uniformly determined that the evidence collected overwhelmingly demonstrated that appellant had fabricated the entirety of the above-referenced claims, going so far as to plant evidence, and self-inflict injuries designed to support her claims,

2.

such as severe bruising, cuts, and the internal placement of foreign objects. Appellant ultimately conceded to the bulk of the deception.

{¶ 5} In addition, it was discovered that appellant had active warrants for her arrest in at least six other states for similarly making false reports of alleged sexual criminal offenses, as well as for identity theft, forgery, and receiving stolen property. It was determined that appellant had utilized approximately 20 different aliases, and had resided at least 11 different states in the last several years.

{¶ 6} On May 4, 2022, based upon the forgoing, appellant was indicted on a total of 17 offenses; including five counts of making false alarms, in violation of R.C. 2917.32(A), felonies of the fifth degree, two counts of tampering with evidence, in violation of R.C. 2921.12(A), felonies of the third degree, five counts of falsification, in violation of R.C. 2921.13(A), misdemeanors of the first degree, and five counts of obstruction of official business, in violation of R.C. 2921.31(A), felonies of the fifth degree.

{¶ 7} On February 2, 2023, following completion of a mental health evaluation assessment by the Court Diagnostic & Treatment Center, which determined appellant to be legally competent, appellant withdrew her prior plea of not guilty by reason of insanity, and, pursuant to a negotiated plea agreement, appellant pled guilty to three counts of making false alarms, in violation of R.C. 2917.32(A), felonies of the fifth degree, and one count of tampering with evidence, in violation of R.C. 2921.12(A), a

3.

felony of the third degree. In exchange, the 13 remaining offenses were dismissed. A presentence investigation was ordered.

{¶ 8} On March 13, 2023, the sentencing hearing was conducted. The trial court emphasized at sentencing that, "The [untrue] allegations that you made were very serious and certainly could ruin peoples['] lives. And that's a very serious concern." After weighing the aggravating and mitigating evidence and circumstances, the trial court sentenced appellant to a five-year total term of incarceration, with credit for 262 days served. This appeal ensued.

{¶ 9} In the first assignment of error, appellant alleges that the trial court did not properly advise appellant of the potential penalties for a post-release control violation. Appellant argues that, "The trial court failed to inform [her] about all of the consequences she faces for a failure to comply with PRC during her plea colloquy and at her sentencing hearing." Notably, appellant simultaneously concedes, "Admittedly, the trial court advised [appellant] at sentencing that any violation of the terms of her PRC would subject her to the [R.C. 2967.28] sanctions." Appellant fails to cite any specific post-release control violation consequence of which the trial court allegedly failed to inform appellant. Appellant also acknowledges that the plea form executed by appellant contained, "the full list of possible penalties for violating PRC."

4.

{¶ 10} R.C. 2967.28(B) of the post-release control statute, establishes in relevant part,

> Each sentence to a prison term, other than a term of life imprisonment, for a felony of the first degree, for a felony of the second degree, for a felony sex offense, or for a felony of the third degree * * * shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment.

In conjunction, as held by this court in *State v. Sprouse*, 6th Dist. Lucas No. L-22-1230, 2023-Ohio-2893, ¶ 24,

> [R.C. 2967.28(B)] requires the trial court provide notice of post-release control at the sentencing hearing and in the sentencing entry * * * *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23, *overruled on other grounds*, *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 40. At both the sentencing hearing and in the sentencing entry, '[t]he trial court must advise the offender * * * of the term of supervision, whether post-release control is discretionary or mandatory, and the consequences of violating post-release control.' *Id.*, citing *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 11.

{¶ 11} As applied to the instant case, the transcript of the February 2, 2023 change of plea hearing irrefutably shows that the trial court stated to appellant in the course of

5.

the change of plea colloquy, "[Y]ou could be required to serve a two-year term of post-release control following your release from prison. Post-release control is parole. If you violate the terms of post-release control, you could be sent back to prison for up to one-half of your original prison sentence * * * Do you understand?" Appellant replied, "Yes."

{¶ 12} Likewise, the transcript of the March 13, 2023 sentencing hearing irrefutably shows that the trial court stated to appellant at sentencing, "[Y]ou may have a two-year term of post-release control following your release from prison. The Adult Parole Authority will administer post-release control pursuant to Revised Code Section 2967.28. And any violation of post-release control will subject you to the consequences set forth in that statute."

Lastly, the March 14, 2023 sentencing entry issued by the trial court states,

The court explained the concepts of post-release control and advised that

the defendant would be subject to a discretionary period of two years of

post-release control upon release from prison. APA will administer the

post-release control pursuant to R.C. 2967.28 and any violation by the

offender of the conditions of post-release control will subject the offender

to the consequences set forth in the statute, including being sent back to

prison for up to one-half of the stated prison term or whatever time remains

on post-release control, whichever is longer.

6.

{¶ 13} Based upon the foregoing, we find that the record reflects that, in accord with *Grimes* and *Sprouse*, the trial court properly advised appellant of the consequences of violations of post-release control, and did so in the change of plea hearing, in the sentencing hearing, and in the sentencing entry.

{¶ 14} Appellant also cites *State v. Heinzen*, 2d Dist. Clark No. 19-CA-65, 2022-Ohio-1341, in support of the first assignment of error. We have reviewed *Heinzen* and find it to be materially distinguishable from the instant case. In contrast to the facts present in this case, in *Heinzen*, the trial court did not advise the defendant of the potential post-release control violation penalty of being imprisoned for up to one-half of the stated prison term.

As held in *Heinzen*, ¶ 27,

The trial court, however, never advised Heinzen that she could receive a prison term of up to one-half of the stated prison term originally imposed * * * Although the trial court included this information in the sentencing entry, it was not discussed at the sentencing hearing, as required by R.C. 2929.19(B)(2)(f). For this reason, the post-release control portion of Heinzen's sentence is contrary to law.

{¶ 15} Accordingly, the above-quoted omission by the trial court of the consequences of post-release control violations in *Heinzen*, which did not occur in the instant case, required the defendant to be resentenced to remediate the omission.

7.

{¶ 16} We have carefully reviewed and considered the record of evidence. It demonstrates that, in accord with R.C. 2967.28, R.C. 2929.19(B)(2)(f), *Grimes*, and *Sprouse*, the trial court properly advised appellant of the consequences of violations of post-release control. Wherefore, we find appellant's first assignment of error is not well-taken.

{¶ 17} In appellant's second assignment of error, appellant similarly alleges that appellant's plea was not knowingly, voluntarily, and intelligently given, as required by Crim.R. 11, also based upon appellant's allegation that the trial court failed to properly advise appellant of the consequences of violations of post-release control, the same legal basis upon which appellant's first assignment of error was premised. As such, the merit of appellant's second assignment of error is contingent upon the merit of appellant's first assignment of error.

{¶ 18} Given our determination in response to appellant's first assignment of error, finding that the trial court properly advised appellant of the consequences of violations of post-release control, we likewise find appellant's second assignment of error not well- taken on the same basis set forth above in response to the first assignment of error.

**{¶ 19}** On consideration whereof, the judgment of the Ottawa County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Gene A. Zmuda, J.

Myron C. Duhart, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.